**R. T. STARK et ux., Appellants,**

v.

**Morris MORGAN et ux., Appellees.**

**No. 19506.**

Court of Civil Appeals of Texas, Dallas.

Dec. 30, 1977.

Rehearing Denied Jan. 19, 1978.

Law Office of Marvin Thomas, Fred Weldon, Dallas, for appellant.

James R. Caton, McKinney, for appellee.

GUITTARD, Chief Justice.

■ We dismiss this appeal for want of jurisdiction because the judgment appealed from is not final. The only judgment in the record is a partial summary judgment denying appellants recovery of title to two of the tracts of land claimed in their petition, but providing "that this cause proceed to trial upon the sole remaining issue of a boundary line dispute on the south end of Plaintiff's 0.32 acre tract."

Appellants argue that this remaining issue pertains to a severable claim and that the effect of the order is to sever that claim, thus making the judgment final with respect to the claims disposed of. This argument is untenable because there is no express order of severance, and the rule is settled that a partial summary judgment on a severable claim does not effect a severance by implication. *Pan American Petroleum Corp. v. Texas Pacific Coal and Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959).

■ The record also shows that after the partial summary judgment was signed and entered, appellants filed a motion for nonsuit with respect to the remaining claim and presented this motion, with a proposed order of dismissal, to the trial judge, but the judge failed to sign the order. Although appellants may have had a right to take a nonsuit under Rule 164, Texas Rules of Civil Procedure, and may have been entitled to pursue extraordinary remedies to obtain a final disposition, the nonsuit was not effective before the judge signed the order. *Cornelius v. Early*, 24 S.W.2d 757, 759 (Tex.Civ.App.—Eastland 1930), affirmed 120 Tex. 335, 39 S.W.2d 6 (Supreme Court did not discuss this point, but held that reversal was proper on other grounds,); *cf. United Service Agencies v. Continental Casualty Co.*, 555 S.W.2d 192, 194 (Tex.Civ. App.—Dallas 1977, no writ) (holding that appellant has no absolute right to a nonsuit until he brings his motion to the judge's attention).

After the partial summary judgment was signed and entered, appellants also filed an amended pleading omitting the claim not disposed of by that judgment. We recognize that the omission of a claim from an amended petition works a discontinuance of the omitted claim if the court subsequently renders a judgment, final in form, disposing of the parties and the issues presented by the amended pleading, thus treating the omitted claim as previously disposed of. *Ridley v. McCallum*, 139 Tex. 540, 163 S.W.2d 833, 836 (1942). We hold, however, that a judgment interlocutory on its face does not become final for the purpose of appeal on the filing of an amended petition omitting the sole remaining claim unless an order is signed for entry in the minutes disposing of the remaining claim as a matter of record.

We conclude that our jurisdiction should not depend on a showing of when an amended pleading was filed or when an order of nonsuit was presented for the judge's signature. The finality of a judgment for the purpose of appeal should be determined from the terms of the trial court's orders. Otherwise, the opposing party, if he should desire to appeal or file a motion for new trial, might not be advised as to when the time for taking such action begins to run. Accordingly, we hold that so far as the present record shows, the cause is still pending in the trial court, and appellants may take their appeal after the final order is signed.

Appeal dismissed.