STATE of Texas et al., Petitioners,

v.

CITY NATIONAL BANK OF
AUSTIN, Respondent.

No. B–8416.

Supreme Court of Texas.

Feb. 6, 1980.

Rehearing Denied March 5, 1980.

Mark White, Atty. Gen., Carla J. Cox, Asst. Atty. Gen., Austin, for petitioners.

Brown, Maroney, Rose, Baker & Barber, E. Richard Criss, Jr., Austin, for respondent.

CAMPBELL, Justice.

This suit by the Bank against the State, the State Commission for the Blind, the

individual members of the Commission and its Executive Director, seeks to recover a money judgment for 13 months' occupancy, by the Commission, of a portion of the Bank's building. The trial court, after a jury trial, rendered judgment for the Bank. This judgment was affirmed by the Court of Civil Appeals. 578 S.W.2d 155. We affirm the judgment of the Court of Civil Appeals.

The Commission occupied the Bank building, pursuant to a written lease agreement, from September 1, 1971 to August 31, 1975. The lease provided for the occupancy of 23,348 square feet at a monthly rental of 50.9 cents per square foot. The Bank was not the low bidder on a subsequent four-year contract and the Commission knew it would have to move. However, on August 31, the Commission did not have adequate facilities in which to move and continued to occupy the Bank space for an additional 13 months. The State refused to pay any rental for this period.

The primary question to be determined is whether the Bank may recover for the holdover occupancy under the provisions of the 1971–75 written agreement.

Paragraph (11) provides that:
"[O]n termination of this lease . . . lessee shall deliver up the premises."

Paragraph (15) of the lease provides in part:
"In the event lessee shall be in default in the payment of rentals . . . or shall otherwise breach its covenants or obligations and shall be and remain in default for a period of 30 days after notice from lessor to it of such default, lessor shall have the right and privilege of terminating the lease . . . and of entering upon and taking possession . . . and shall have the remedies now or hereafter provided by law for recovery of rent, repossession of the premises and damages occasioned by such default."

■ It is undisputed that the Commission knew the lease terminated on August 31, 1975; it breached its obligation to deliver up the premises; it remained in default, with actual notice of the default, for 13 months; it failed to pay any rent for the period in default; and, the Bank now has possession of the premises. With these conditions met, the only remaining provision of Paragraph (15) is: "Lessee shall have the remedies now or hereafter provided by law for recovery of rent, . . . and damages occasioned by such default." We hold the State liable under the terms of the written agreement for the damages occasioned by the default.

■ The State contends a recovery for breach of the 1971–75 contract to peaceably quit the premises was not plead or presented to the trial court and there was no evidence or jury finding to support the judgment. We disagree.

The petition alleged occupancy from September 1, 1971 to August 31, 1975 pursuant to the written agreement; occupancy from September 1, 1975, to October 14, 1976, without payment of rental; occupancy from September 1 was as a holdover tenant or alternatively as a tenant at will. The petition also alleged the reasonable rental value for the holdover period was the amount contracted, and alternatively, the actions of the Commission combined to deprive the Bank of the reasonable rental value of the premises. In addition, the written agreement was attached to and incorporated in the pleadings. The prayer requested the amount of the reasonable rental value of the premises during the Commission's occupancy for the holdover period or for such other and further relief, general and special, at law or in equity, as to which the Bank may show itself entitled. These pleadings gave the State fair and adequate notice of the Bank's claim that the Commission occupied the Bank premises for 13 months without payment of rent, and under the terms of the contract, it was entitled to the reasonable rental value for this period. *Stone v. Lawyers' Title Insurance Corporation*, 554 S.W.2d 183 (Tex.1977).

■ The jury found the reasonable monthly value of the premises for the holdover period to be 50.9 cents per square foot. This amount was made the basis of the trial

court's judgment. We hold the undisputed evidence, the pleadings, and the jury findings sufficient to uphold the trial court's judgment.

The State also contends it is not liable, because (1) the Bank's claim arises from a transaction which is not provided for by pre-existing law as required by Article III, Section 44 of the Texas Constitution; (2) Article 666b,[1] prohibits the State Commission for the Blind from contracting with the Bank to pay rental for the holdover period; and (3) this Article prevents the State from being liable on an implied contract or quantum meruit. In view of our holding that the State is liable because of the written agreement, we find it unnecessary to discuss these points.

The judgment of the Court of Civil Appeals is affirmed.

STEAKLEY and GARWOOD, JJ., not sitting.

---

**1.** Article 666b was repealed by Acts of the 66th Legislature, 1979. The leasing of building space is now covered by Article 601b, Section 6.01. This section allows leasing by negotiation under some circumstances with the consent of the Agency.