W.H. ROQUEMORE, et al., Appellants,

v.

Loraine W. KELLOGG, Appellee.

No. 05–81–00980–CV.

Court of Appeals of Texas,
Dallas.

Aug. 10, 1983.
Rehearing Denied Sept. 8, 1983.

Robert C. Cox, Erhard, Cox & Ruebel, Dallas, for appellants.

Lee M. Taft, Carter, Jones, Magee, Rudberg, Moss, Dallas, for appellee.

Before GUITTARD, C.J., and WHITHAM and GUILLOT, JJ.

GUITTARD, Chief Justice.

W.H. Roquemore contests the validity of a sheriff's sale of certain real property to satisfy a judgment recovered against him by Loraine Kellogg. The trial court upheld the validity of the sale and granted summary judgment in favor of Kellogg, and Roquemore appeals. We affirm.

In the earlier suit Kellogg obtained a judgment against Roquemore for $49,-618.20. The jury returned a verdict against Roquemore on Friday afternoon, October 14, 1977. On the following Monday, October 17, 1977, Roquemore recorded a deed transferring certain property in Tarrant County to American Standard Investment Company, a corporation in which Roquemore and his wife owned 99% of the shares. As consideration for this transfer Roquemore accepted from the corporation a $250,-000 promissory note secured by a deed of trust.

Kellogg instituted a second suit in the 162nd District Court on March 14, 1978, as a judgment creditor seeking garnishment of the rentals being paid by the lessee of the property. While this suit was pending Kellogg caused an execution to be issued and levied on the property in question. Notice of an execution sale was given by the sheriff of Tarrant County. The property was scheduled to be sold on June 6, 1978. In a separate proceeding in the 44th District Court on May 22, 1978, Roquemore obtained a temporary restraining order preventing Kellogg and the sheriff from proceeding with the sale. The 44th District Court allowed Kellogg to supersede the restraint against the sale upon filing of a $20,000 supersedeas bond. Kellogg posted the bond and a writ was served on the sheriff superseding the temporary restraining order.

On the day before the sale the sheriff required Kellogg to post a large indemnity bond before he would proceed with the sale. Kellogg refused to post this bond. In his brief Roquemore asserts that the sheriff's attorney informed his attorney of Kellogg's refusal to post the indemnity bond and advised that there would be no sale. On the morning of June 6, 1978, without notice to Roquemore, Kellogg obtained a temporary restraining order in the 162nd District Court restraining the sheriff from failing to conduct the sale as scheduled and from requiring Kellogg to post an indemnity bond before the sale.

On the afternoon of June 6, 1978, the sheriff conducted the sale in compliance with the latest court order. Prospective bidders were told that only the interest of Roquemore in the property was being sold but that the deed records indicated that record title stood in the name of American Standard Investment Company. The only bid at the sale was Kellogg's bid of $10,000, which was accepted and credited on her judgment.

Subsequently Kellogg amended her petition in the garnishment suit, alleged that the deed to American Standard was fraudulent, prayed that it be set aside, and claimed $10,000 in damages. Roquemore

filed a counterclaim urging that the sheriff's sale be set aside because of irregularities in the conduct of the sheriff's sale and inadequacy of the consideration. The trial court granted summary judgment in favor of Kellogg on her claim of fraudulent conveyance and set aside the deed from Roquemore to American Standard Investment Company. That action was severed from the garnishment and the counterclaim attacking the Sheriff's sale, but no timely appeal was taken from the judgment in the other cause. Subsequently the trial court granted another summary judgment in the present case for Kellogg on her garnishment claim and against Roquemore on his counterclaim. We have heretofore ruled that the judgment in the severed cause is final and not reviewable on this appeal. Accordingly, the remaining issues before us relate to the summary judgment upholding the sheriff's sale.

In his first point of error Roquemore attacks the summary judgment on the ground that fact issues are raised concerning the validity of the sheriff's sale. He asserts irregularities in the conduct of the sale and gross inadequacy of the consideration. He cites authorities, such as *Pantaze v. Slocum,* 518 S.W.2d 407 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.), and *Prudential Corp. v. Bazaman,* 512 S.W.2d 85 (Tex.Civ.App.—Corpus Christi 1974, no writ).

The only irregularities alleged in Roquemore's response to the motion for summary judgment are (1) that the sale purported to convey only his interest in the property when the record title stood in the name of American Standard Investment Corporation, and (2) that the sale was held pursuant to an order granted without notice to his counsel.

■ We conclude that neither of these contentions is well taken. A judgment creditor has a choice of remedies against a fraudulent conveyance by his debtor. He may bring an action to set aside the sale, or he may levy upon the property of the debtor and sell it for the payment of his judgment. If he takes the latter course, the purchaser at the execution sale gets good title because, with respect to the creditor, title remains in the fraudulent debtor and is subject to sale. *Rutherford v. Carr,* 99 Tex. 101, 87 S.W. 815, 816 (1905); *see Texas Sand Co. v. Shield,* 381 S.W.2d 48, 54–55 (Tex.1964). It follows that the appearance of a fraudulent deed on the record indicating that the title stands in the name of a person other than the judgment debtor is not an irregularity affecting the validity of the sale. Neither is the validity of the sale affected by statements of the deputy sheriff informing prospective purchasers of facts shown by the record, of which they are chargeable with notice.

None of the cases cited by Roquemore bear on this question. In *Pantaze v. Slocum,* 518 S.W.2d 407 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.) the judgment debtors sold property pending appeal of a judgment against them, but the undisputed evidence showed that this sale was not fraudulent. 518 S.W.2d at 412. In fact, a fund sufficient to satisfy the judgment had been escrowed pending the appeal. Under the circumstances it was held that the disparity in the title was an irregularity calculated to prevent the property from bringing a reasonable price at a subsequent execution sale. 518 S.W.2d at 411. Unlike the present case, this irregularity was not attributable to any fraudulent conduct on the part of the judgment debtors. Moreover, the party seeking to avoid the sheriff's sale made repeated offers to the judgment creditor to pay the balance due on the judgment, with interest, attorney's fees and costs. No such offer to do equity is shown here or even alleged in Roquemore's counterclaim.

■ Likewise without merit is Roquemore's contention that the sale was improperly held pursuant to an order of the 162nd district court issued without notice. The summary-judgment proof shows that the sale was not held under authority of the temporary restraining order issued without notice, but rather under authority of a writ of execution previously issued and levied pursuant to the original judgment. Roque-

more had no right to demand an indemnity bond to protect the sheriff; consequently, the court's order to the sheriff to proceed without a bond was a matter between Kellogg and the sheriff, concerning which Roquemore has no standing to complain. So far as Roquemore was concerned, there was no irregularity and no denial of due process.

In his brief, Roquemore asserts that he had no proper notice of the sale because the sheriff had advised his attorney that no sale would be held because of Kellogg's refusal to furnish an indemnity bond. We find no support for this assertion in the record.

■ Moreover, none of the irregularities asserted afford ground to set aside the sale in the absence of proof of inadequacy of the consideration. As Kellogg alleges in her answer to the counterclaim and also in her motion for summary judgment, Roquemore will not be heard to assert inadequacy of consideration for the sale because his own fraudulent conduct caused or contributed to the inadequacy. The principal reason for the inadequacy, as alleged in Roquemore's counterclaim, was that the sale conveyed only the interest of Roquemore when record title stood in the name of American Standard. Since Roquemore's deed to American Standard has now been judicially declared to be fraudulent with respect to Kellogg, the question is whether inadequacy of price resulting from the judgment debtor's own fraudulent conduct affords ground to set aside the sale. We hold that it does not. *See Teague v. Burk,* 18 S.W.2d 690, 691 (Tex.Civ.App.—Austin 1929, writ dism'd). This holding follows from the rule previously cited that property fraudulently conveyed is subject to levy and sale as if it were still owned by the judgment debtor. *Rutherford v. Carr,* 87 S.W. at 816.

Moreover, so far as appears from this record, the $10,000 bid may have been an adequate price for Roquemore's interest under the circumstances. Roquemore does not allege the contrary, since he alleges only that it was less than the fair market value if the entire fee simple had been sold.

■ According to the authorities cited by Roquemore, as grounds to set aside a sheriff's sale under execution, the judgment debtor must show both an irregularity calculated to result in an inadequate purchase price and a grossly inadequate price. *Prudential Corp. v. Bazaman,* 512 S.W.2d 85 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Brimberry v. First State Bank,* 500 S.W.2d 675, 676–7 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.). For the reasons stated we conclude that the summary-judgment proof establishes that Roquemore has no valid ground to assert either an irregularity in the sale or gross inadequacy of the price. Consequently, we hold the summary judgment was properly rendered against him.

■ Roquemore further contends that the trial court erred in granting the earlier summary judgment in the severed cause declaring the deed from Roquemore to American Standard void. We have heretofore disposed of that point in an order dismissing the appeal with respect to that judgment, and we have no reason to change that order. The record shows that the earlier summary judgment was signed April 4, 1979. On the same day an order was signed severing from the fraudulent conveyance action that part of the cause having to do with Kellogg's garnishment claim and Roquemore's counterclaim. Kellogg's claim for damages was not mentioned in the judgment or in the order of severance. Roquemore and American Standard filed motions for new trial, which were overruled. On May 28, 1980, the court signed an order granting Kellogg's motion for nonsuit in the cause in which the earlier summary judgment had been rendered. If Kellogg's claim for damages had not already been disposed of, this order disposed of it. The summary judgment then became final and appealable. *See Stark v. Morgan,* 560 S.W.2d 218 (Tex.Civ.App.—Dallas 1977, no writ). No appeal was perfected, however, within the period allowed by rule 356 of the Texas Rules of Civil Procedure. Consequently, we adhere to our ruling dismissing the attempted appeal in the severed cause.

Finally, Roquemore contends that permitting the two judgments in these causes to stand violates the public policy prohibiting multiple recovery for one cause of action. In this connection he argues that Kellogg has acquired property worth more than $250,000 for an offset of only $10,000 against a judgment of $49,618.82, which remains otherwise unsatisfied, and that to permit a judgment creditor to obtain more than the amount of his original judgment is the equivalent of permitting multiple recovery for a single claim. We cannot agree. This argument is in effect, a contention that a sheriff's sale, though otherwise valid, may be set aside for inadequacy of price alone if the market value of the property would be sufficient to satisfy the judgment. No authority is cited, and we have found none, supporting such a contention. We hold that since Roquemore's attack on the validity of the sale fails for the reasons already stated, no multiple recovery is shown.

Affirmed.