**AVMANCO, INC., Appellant,**

v.

**The CITY of GRAND PRAIRIE, Appellee.**

**No. 2–91–253–CV.**

Court of Appeals of Texas, Fort Worth.

June 24, 1992.

Rehearing Overruled Aug. 26, 1992.

belt foreclosed under Deed of Trust Two.

Carr, Fouts, Hunt, Craig, Terrill & Wolfe, L.L.P., and Donald M. Hunt and Gary M. Bellair, Lubbock, for appellant.

Haynes and Boone, L.L.P., and Leonard A. Hirsch and Michelle E. McCoy, Dallas, for appellee.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

Avmanco appeals the grant of a summary judgment in favor of defendant, the City of Grand Prairie (City). The trial court granted the City's motion for summary judgment based on the affirmative defense of governmental immunity.

We affirm in part and reverse and remand in part.

The trial court granted this motion for summary judgment on July 19, 1991. This judgment was interlocutory because it did not dispose of the City's counterclaims. Subsequently, on August 9, 1991, the City filed a motion for nonsuit asking the trial court to dismiss its counterclaims. The trial judge entered an order on August 12, 1991, dismissing the City's counterclaims. On September 11, 1991, Avmanco filed its motion for new trial. Finally, on November 11, 1991, (ninety-four days after the City filed its motion for nonsuit, but the next business day after the ninetieth day from the signing of the order of judgment),

Avmanco filed its appeal bond. *See, e.g.,* TEX.R.APP.P. 41(a)(1).

■ The City asserts that this court does not have jurisdiction of this appeal because Avmanco's filing of the appeal bond was untimely. This is incorrect. The rules of civil procedure expressly provide that the court's signing of an order is the act which governs the appellate timetable.

Appellee urges that the filing of its notice of nonsuit served to dispose of its claims. While it is true that a party's right to a nonsuit may exist from the moment a written motion is filed,[1] it is not true that the appellate timetables begin to run—*until a final judgment is signed disposing of all parties and all issues in the lawsuit.*

■ To be final and appealable, a summary judgment must dispose of all parties and issues in the lawsuit. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984). If a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated. *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984). Because the summary judgment of July 19th failed to refer to the issues contained in the City's counterclaim, the July 19th judgment was interlocutory, and Avmanco could not properly appeal from it. *See also Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 53 (Tex. 1990, orig. proceeding).

However, the City urges that it was the mere filing of its motion for nonsuit which triggered the appellate timetables. In support of this position, the City cites *Shadowbrook Apartments v. Abu–Ahmad,* 783 S.W.2d 210 (Tex.1990) for the proposition that: the granting of a nonsuit is merely ministerial; a plaintiff's right to a nonsuit of its own action exists at the moment a motion is filed; and the only requirement is the mere filing of the motion with the clerk of the court. *Greenberg v. Brookshire,*

640 S.W.2d 870 (Tex.1982, orig. proceeding).

"Generally, when a plaintiff takes a nonsuit before resting her case, the trial court loses jurisdiction of entire case, except jurisdiction to render the order of dismissal without prejudice...." *Ault v. Mulanax,* 724 S.W.2d 824, 828–29 (Tex.App.—Texarkana 1986, orig. proceeding). TEX.R.CIV.P. 162 provides as follows:

> [T]he plaintiff may ... take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a ... without necessity of court order.
>
> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief....

*Id.*

■ However, the plaintiff's right to a nonsuit is unqualified only in those instances where a defendant has not made a claim for affirmative relief. *McQuillen v. Hughes,* 626 S.W.2d 495, 496 (Tex.1981, orig. proceeding). *See, e.g., Stark v. Morgan,* 560 S.W.2d 218 (Tex.Civ.App.—Dallas 1977, no writ) (the rule is clear that a partial summary judgment on a severable, but not severed claim, does not effect a severance by implication). *See also Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200, 201 (1959). Thus, the motion for nonsuit purportedly addressed all of the issues still alive before the trial court.[2] However, the trial court did, in fact, sign an order of dismissal, and this is the act which we hold triggered the appellate timetables.

■ Even though the signing of a final order or judgment may be a mere ministerial act, it is the signing that is essential to trigger the appellate timetables. *Schaeffer Homes, Inc. v. Esterak,* 792 S.W.2d 567, 569 (Tex.App.—El Paso 1990, no writ). We agree with this proposition and hold that

---

1. *Progressive Ins. Companies v. Hartman,* 788 S.W.2d 424, 426 (Tex.App.—Dallas 1990, orig. proceeding).

2. While the summary judgment purports to dispose of all of Avmanco's claims, the motion for summary judgment filed by the City did not address several of these claims. Thus, the summary judgment was improper on this ground, as will be discussed *supra.*

the signing of the judgment is the act in this case which triggered the appellate timetables.

Additionally, the City argues that the judgment signed on July 19th was a final judgment. This argument ignores the fact that on July 19th, the City still had counterclaims pending before the trial court.

Finally, the City argues that this court should follow the case of *Merrill Lynch Relocation Management v. Powell,* 824 S.W.2d 804 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), and hold that the appellate timetable begins to run from the moment a motion for nonsuit is filed. We disagree for several reasons.

First, *Merrill Lynch* deals with a situation factually dissimilar to this one. In *Merrill Lynch,* the plaintiff first sought review of the summary judgment through a regular appeal, but the 14th Court of Appeals dismissed this appeal for want of jurisdiction because of an incomplete record (although stating in the mandamus opinion that the judgment of the trial court in granting the summary judgment was erroneous, *Merrill Lynch,* 824 S.W.2d at 805). The mandamus dispute centered around whether the lack of an order of dismissal on a plaintiff's motion for nonsuit served to keep plaintiff's action pending. The Houston court rightly held that it did not, and that the plaintiff was entitled to dismissal of his cause when he filed the motion for summary judgment. The court did not hold, as appellee suggests, that the motion for nonsuit started the appellate timetable such that the court's order of dismissal would have become meaningless.

We conclude that our jurisdiction should not depend on a showing of when an amended pleading was filed or when an order of nonsuit was presented for the judge's signature. The finality of a judgment for the purpose of appeal should be determined from the terms of the trial court's orders. Otherwise, the opposing party, if he should desire to appeal or file a motion for new trial, might not be advised as to when the time for taking such action begins to run. *Stark,* 560 S.W.2d at 220; *see also McGrew v. Heard,* 779 S.W.2d 455, 456–58 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding) (interlocutory summary judgment became final when the court signed an order granting a motion to nonsuit the remaining defendant); *Roquemore v. Kellogg,* 656 S.W.2d 646, 649 (Tex.App.—Dallas 1983, no writ) (summary judgment became final for appeal purposes upon the court's signing of an order granting the plaintiff's motion for nonsuit); *Tom Benson Co., Inc. v. Ervine,* 574 S.W.2d 221, 221 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.) (interlocutory default judgment became final only when the trial court granted the plaintiff's motion for nonsuit of the co-defendant).

Furthermore, in *Felderhoff v. Knauf,* 819 S.W.2d 110, 111 (Tex.1991), the Texas Supreme Court held that a plaintiff who takes a nonsuit after he has been sanctioned could appeal the sanction. In holding such sanction appealable, the court observed that the right to appeal accrued *when the trial court rendered its order of dismissal. Id.* In this situation, we hold that the right to appeal accrued at the same time—when the trial court signed its order dismissing the City's counterclaims.

We hold that the appellate timetable did not begin to run until after a final judgment was signed. This occurred on August 12th, and thus Avmanco's filings were timely, and this court has jurisdiction to address the merits of Avmanco's appeal.

Turning to the substance of this appeal, Avmanco claims that the doctrine of sovereign immunity does not bar its contract and tort claims for three reasons. First, the City may not invoke the doctrine of immunity because the City has no claim to the doctrine. Second, sovereign immunity does not apply here because the City waived its right to protection by filing its counterclaim. Finally, the summary judgment evidence is insufficient to prove as a matter of law the affirmative defense of sovereign immunity.

■ Governmental immunity consists of two basic principles of law. First, the State as sovereign is immune from suit without its consent even though the State

admits liability. *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970); *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847). The doctrine bars a suit against the State unless the State has expressly given its consent to be sued. *Missouri Pac.,* 453 S.W.2d at 814; TEX.CIV. PRAC. & REM.CODE ANN. §§ 107.001—.005 (Vernon Supp.1992). Second, even after the State has consented to be sued, nonetheless the State has immunity from liability. *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423, 424 (1936); TEX.CIV.PRAC. & REM.CODE ANN. § 107.002(a) (Vernon Supp.1992).

 A critical exception to this doctrine is that the State waives its immunity from liability when it contracts. *Dillard v. Austin Ind. Sch. Dist.,* 806 S.W.2d 589, 592 (Tex.App.—Austin 1991, writ denied). A contract is just as binding upon a municipal corporation, such as Grand Prairie, as it is upon an individual citizen. *State v. City Nat'l Bank of Austin,* 578 S.W.2d 155, 159 (Tex.Civ.App.—Tyler 1979), *aff'd,* 603 S.W.2d 764 (Tex.1980).

 Initially, we note that the City is not immune from suit in this instance. While there is no general law waiving the State's immunity from suit where liability is sought because of breach of contract, the City is liable here because both the State and the City have enacted legislation providing their respective consents to suits against the City. TEX.LOC.GOV'T CODE ANN. § 51.075 (Vernon 1988) provides that a municipality may plead and be impleaded in any court. *See also McCollum v. City of Richardson,* 121 S.W.2d 423, 424 (Tex.Civ.App.—Dallas 1938, writ dism'd). Furthermore, the city charter of Grand Prairie itself provides that the City may sue and be sued. CITY OF GRAND PRAIRIE CHARTER Art. III § 1(a) (1987).

The City urges that summary judgment was proper because Avmanco's claims are each based on the City's performance of a governmental function and are therefore barred by the City's affirmative defense of sovereign immunity. It is undisputed that Avmanco's claims all arise from a contract the substance of which is the City's performance of a governmental function. In *Courtney v. University of Texas Sys.,* 806 S.W.2d 277, 282 (Tex.App.—Fort Worth 1991, writ denied), this court distinguished cases holding that the State is subject to the same law of contracts governing individuals. These cases are not controlling here because they do not address the State's immunity from suits upon contracts in which the State has not given its consent to be sued. Here, the City has consented to be sued. Moreover, this suit addresses exactly the situation distinguished in *Courtney;* here the City's obligations based on a contract *are* at issue. Points of error one through four are sustained.

Turning to the remainder of Avmanco's complaints, Avmanco argues that the City failed to negate at least one element of each of its causes of action against the City. The City's motion for summary judgment addressed only Avmanco's DTPA claims, claims under the Texas Tort Claims Act, and wrongful eviction claims. This motion did not address Avmanco's claims of fraud, breach of warranty, and breach of contract.

 First, we note that the City does not posit any reason for the propriety of the summary judgment as to those matters not addressed in its motion, except the defense of governmental immunity. Thus, the summary judgment (which asserts that it disposes of all Avmanco's claims) is reversible on that ground alone. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983) (summary judgment improper on grounds not raised in movant's motion for summary judgment). As we have held that the defense of sovereign immunity does not apply here, we must consider the claims raised by Avmanco in its response to the motion for summary judgment, and we must consider whether the summary judgment evidence conclusively proved the City's entitlement to judgment on Avmanco's claims under the DTPA, Texas Tort Claims Act, and claim for wrongful eviction.[3]

---

3. On appeal, Avmanco does not complain that its claims for wrongful eviction were improper-

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); Tex.R.Civ.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American Reserve Ins. Co. v. San Antonio Plumbing Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to Avmanco. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311; *City of Houston,* 589 S.W.2d at 678.

Once the movant has established the right to a summary judgment on the issues presented, the non-movant's response should present to the trial court a genuine issue of material fact that would preclude summary judgment. *Wheeler v. Aldama–Luebbert,* 707 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1986, no writ). Both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing. *City of Houston,* 589 S.W.2d at 674–77. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. *Id.* at 676–77, *citing* Tex.R.Civ.P. 166a(c). Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend. *Id.* A complaint to the improper form of an affidavit must be made before the summary judgment hearing, otherwise it cannot be heard for the first time on appeal. *Life Ins. Co. v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978).

The only complaint remaining that was raised in the motion for summary judgment is the claim that Avmanco should not prevail under the Texas Tort Claims Act. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). The City correctly showed the trial court that Avmanco was not entitled to prevail on this claim for two reasons: one, Avmanco's petition did not state a claim compensable under the Act; and two, the Tort Claims Act specifically excludes intentional torts from its scope.

In short, Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986) states that a governmental entity is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if the injury arises in two situations: (1) from the operation or use of a motor-driven vehicle or motor-driven equipment, and the employee would be personally liable to the claimant under Texas law; or (2) the injury is caused by a condition or use of tangible personal or real property such that the governmental entity would, if it were a private person, be liable under Texas law. Neither or these claims were made by Avmanco in any of its petitions. Furthermore, the damages claimed by Avmanco (loss of business and net profits, and loss of goodwill) are neither property damage, nor personal injury, nor death, so as to fall under the auspices of the Act. Thus, the City was entitled to summary judgment on this claim.

Finally, the City argues that the summary judgment proof demonstrated that the City had not, in fact, breached its con-

---

ly eliminated. Therefore, this cause of action is waived. Tex.R.App.P. 74(d). Also, as Avmanco did not reurge its DTPA claim in its second amended petition, this claim is deemed abandoned. *Hatley v. Schmidt,* 471 S.W.2d 440, 442 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). Thus, the only claim raised by Avmanco's response is the claim under the Texas Tort Claims Act.

tract with Avmanco. The City argues that this proof alone should preclude a remand on the contract issues. However, this issue was at best cursorily addressed in the motion for summary judgment, and indeed is unsupported by any proof whatsoever attached to the City's motion for summary judgment, so it could not have been a basis upon which the summary judgment was granted. Unless a movant establishes that he is entitled to judgment as a matter of law, the summary judgment must be reversed. *City of Houston*, 589 S.W.2d at 678; Tex.R.Civ.P. 166a.

In summary, we hold that the defense of sovereign immunity was not available to the City in defending Avmanco's claim for breach of contract. Further, the summary judgment was improper for being rendered on grounds not raised in the City's motion for summary judgment. Thus, this cause is remanded only on Avmanco's claims of fraud, breach of warranty, and breach of contract. The judgment of the trial court as to Avmanco's other claims (the Texas Tort Claims Act, the DTPA, wrongful eviction) is affirmed.

The judgment of the trial court is reversed in part, and this cause is remanded to the trial court.