**John and Criselda DORIA, Individually and as Parents and Natural Guardians of Michael Doria, Appellants,**

v.

**Don STULTING, Appellee.**

No. 13–93–653–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1994.

Richard K. Houtchens, Corpus Christi, for appellants.

Lynette Maniss Frederick, Thomas F. Nye, Linda C. Breck, Brin & Brin, Corpus Christi, for appellee.

Before DORSEY, YAÑEZ and WHITHAM,[1] JJ.

## OPINION

WHITHAM, Justice.

This appeal involves the statutory immunity defense afforded a professional employee of a Texas school district pursuant to TEX. EDUC.CODE ANN. § 21.912(b) (Vernon 1987). Appellants, John and Criselda Doria, individually, and as parents and natural guardians of Michael Doria, brought suit against appellee, Don Stulting, a history teacher at Sinton High School, for damages the parents claim Michael suffered when Stulting removed Michael from the classroom after Michael refused to go to the vice-principal's office. The trial court entered summary judgment in favor of Stulting and against the Dorias based on Stulting's affirmative defense that he was immune from liability pursuant to the code. The issue centers upon whether Stulting was engaged in "discipline" of Michael when Stulting physically removed Michael from that classroom and escorted him to the vice-principal. Contrary to the Dorias' three points of error, we conclude: (1) that the summary judgment evidence proved as a matter of law each element of Stulting's affirmative defense, (2) that Stulting established as a matter of law that his actions did not constitute discipline and (3) that Michael waived his complaint that the affidavits in support of Stulting's motion for summary judgment were based on mere conclusions. Accordingly, we affirm.

## THE CODE PROVISION

Before stating the summary judgment proof, we quote the professional school district employee immunity code provision at issue.

No professional employee of any school district within the state shall be personally

liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX.EDUC.CODE ANN. § 21.912(b) (Vernon 1987).

## THE SUMMARY JUDGMENT PROOF

Omitting formal parts, we next quote the affidavits of the teacher, Stulting, and the vice-principal, Dewey Smith, concerning the incident. The facts given in the affidavits are undisputed. Michael, however, contends in his third point of error, that these affidavits are supported by mere conclusions. The third point of error we address later. Here are the undisputed facts of the case.

## STULTING'S AFFIDAVIT

On March 10, 1989, I was acting in my capacity as a History teacher at Sinton High School for the Sinton Independent School District. Michael Doria was a student in my class. On March 10, 1989, Michael Doria threw a piece of fruit at a student in my class who picked up the fruit and threw it back at Michael Doria. Instead of hitting Michael Doria, it hit his then girlfriend, JoAnn Alaniz. Michael Doria began cursing at the student who had thrown the fruit. I overheard Michael Doria using profane language and instructed him to stop using that type of language in my classroom. I warned Michael Doria several times to stop using profane language, but Michael Doria continued to use profane language. I then told Michael Doria to go to the Vice-Principal's office. Michael refused to leave the classroom. I again told Michael to leave the classroom, to which he again refused. I then instructed Michael Doria that if he would not leave the classroom voluntarily, that I would be forced to remove him from the classroom.

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

Michael Doria responded that if he was going to leave, I would have to physically remove him from the classroom. I approached Michael Doria's desk and repeated my instruction for him to go to the Vice–Principal's office, but Michael continued to refuse to go. I then attempted to remove Michael Doria from my classroom by holding onto his hair and his arm with my hands. In this position, I was physically able to walk Michael Doria out of the classroom. I then took Michael Doria to the office, and reported the incident to Dewey Smith, the Vice–Principal of Sinton High School.

As a teacher for the Sinton Independent School District, it is my responsibility to teach the students in my classes, as well as to maintain order and control of the classroom. It is important for me to maintain control and order in the classroom so that students can learn and for the physical safety of the students. On March 10, 1989, Michael Doria disrupted the class and prohibited the other students from being able to complete their studies. Further, he used profane language, and refused to report to the Vice–Principal's office for discipline as I instructed him to do. I exercised my own personal judgment and discretion when I determined to send Michael Doria to the Vice–Principal's office for using profane language and when I removed him from the classroom when he refused to leave.

The purpose of my removing Michael Doria from class was to take him to the offices of Dewey Smith, Vice–Principal, for discipline, which I ultimately did. I did not discipline Michael Doria, nor did I attempt to discipline Michael Doria, I directed him to the Vice–Principal's office for discipline. It is my understanding that as a result of the incident on March 10, 1989, Michael Doria was placed in Opportunity Center for Students ("OCS") for the remainder of the semester as a discipline measure for his actions in my class on March 10, 1989. It was not my decision to place him in OCS as it was not my position to provide discipline to a student.

## DEWEY SMITH'S AFFIDAVIT

I am currently employed as Principal of Aransas Pass High School. On March 10, 1989, I was the Vice–Principal of Sinton High School for the Sinton Independent School District. On March 10, 1989, Don Stulting brought Michael Doria to my offices as Vice–Principal for discipline due to an incident which occurred in Mr. Stulting's History class. Mr. Stulting reported to me that Michael Doria had used profane language in his classroom and had been involved in an incident where fruit was thrown in the classroom. Mr. Stulting told me that he had asked Michael Doria to leave the classroom, but Michael Doria refused to leave the classroom. Don Stulting informed me that he then ordered Michael Doria out of the classroom, and that again Michael Doria refused to leave the classroom. At that time, Don Stulting informed me that he removed Michael Doria from the classroom in order to bring him to my office for disciplining. After conducting an investigation into the incident and talking to students in the classroom to determine what had happened, I placed Michael Doria in the Opportunity Center for Students ("OCS") for the remainder of the semester because, according to my investigation, this was the second incident of him using profanity directed toward a teacher.

Michael Doria was suspended from school for the remainder of the year for drawing obscene pictures while in OCS. The decision to place Michael Doria in OCS was my decision as Vice–Principal and Administrator in charge of disciplining at Sinton High School. Don Stulting did not participate in the decision to discipline Michael Doria for his actions in Stulting's class, but rather brought him to my office so that I might handle the matter. After conducting a thorough investigation, I disciplined Michael Doria as I mentioned above.

In addition to the above undisputed facts, it is also undisputed that in his deposition, Michael admitted that during the incident he used profane language directed at Stulting: "fuck you man." Moreover, it is undisputed

that Michael admitted that the teacher is in charge of the classroom and must have authority to be able to do his job. It is also undisputed that Michael agreed that he should have gone to the office when Stulting directed him to do so. Michael admitted to a history of problems in school. Michael had been previously suspended for profanity toward a teacher. Michael had been suspended for nonattendance. Michael had been suspended for a locker fight. Michael had been caught on campus in possession of a weapon.

### MICHAEL'S POINTS OF ERROR

With the code provision and undisputed facts before us, we now consider Michael's points of error. In these points of error, Michael contends that the trial court erred in granting Stulting's motion for summary judgment because: first, the summary judgment proof failed to prove as a matter of law each element of at least one affirmative defense pleaded by Stulting; second, whether or not Stulting's actions constituted discipline is a material fact issue in the case which was unresolved; and, third, the affidavits in support of the motion for summary judgment are supported by mere conclusions. In this connection, Michael urges that these errors are all interrelated. Michael, therefore, presents the argument and authorities for the these points of error together. Likewise, we dispose of Michael's points of error together.

### SUMMARY JUDGMENT PRINCIPLES

■ This is an appeal from a summary judgment. The standards for reviewing a motion for summary judgment are well established. They are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When, as in the present case, the defendant moves for summary judgment, he must expressly present and conclusively prove all essential elements of his defense as a matter of law and there can be no genuine issues of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Tex.R.Civ.P. 166a(c). Defects in the form of affidavits will not be grounds for reversal unless specifically pointed out by objection by opposing party with opportunity, but refusal, to amend. Tex.R.Civ.P. 166a(f).

### COMPLAINT AS TO THE AFFIDAVITS WAIVED

■ In the present case, Michael argues that the affidavits in support of the motion for summary judgment were conclusions that Stulting was not exercising discipline on the occasion in question. Michael, however, fails to point out where in the record he specifically made this objection in the trial court. Failure to object to the form of summary judgment affidavits waived objection on appeal. *See Garcia v. John Hancock Variable Life Ins. Co.,* 859 S.W.2d 427, 433–34 (Tex. App.—San Antonio 1993, writ denied); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 166 (Tex.App.—Fort Worth 1992, writ dism'd). We conclude that Michael waived his third point of error complaining that the affidavits in support of the motion for summary judgment are supported by mere conclusions. We overrule Michael's third point of error.

### STULTING'S ACT NOT DISCIPLINE

■ Thus, we reach the crux of this appeal. Under his first point, Michael argues that the element of Stulting's defense which Stulting failed to prove as a matter of law is that Stulting was not exercising discipline. Under his second point, Michael insists that whether Stulting was exercising

discipline is a material issue of fact. We disagree with Michael's assertions under both points. In addressing the code our Supreme Court has held that a professional school employee is not personally liable for acts done within the scope of employment and which involve the exercise of judgment and discretion, except when disciplining a student the employee uses excessive force or negligence which results in bodily injury to the student. *Hopkins v. Spring Independent School Dist.,* 736 S.W.2d 617, 618 (Tex.1987). In the present case, the sole contested issue is whether Stulting was "disciplining" Michael when Stulting forcibly removed Michael from the classroom and escorted Michael to the Vice–Principal. "Discipline" in the school context ordinarily describes some form of punishment. *Hopkins,* 736 S.W.2d at 619. In the present case, we conclude that as a matter of law "discipline" was not imposed by Stulting upon Michael. Instead, we conclude that Vice–Principal Smith imposed the "discipline-punishment" of placing Michael in the Opportunity Center for Students. We reach these conclusions because Stulting acted only to protect the school learning process from disruption by a wrongdoer by physically removing the wrongdoer from the classroom and thereafter escorting the wrongdoer to the public official designated by rule, regulation or law to impose the necessary and proper "discipline-punishment"—the Vice–Principal. We reason that Stulting no more imposed "discipline-punishment" on the wrongdoer than does the police officer who acts to protect the banking process from disruption by a wrongdoer by physically removing the wrongdoer from the banking floor and thereafter escorting the wrongdoer to the public official designated by rule, regulation or law to impose the necessary and proper "discipline-punishment"—the judge.

Our legislature has seen fit to clothe teachers in Texas public schools with an absolute immunity from personal liability for any act incident to or within the scope of the duties of the teacher's position and which act involves the exercise of judgment or discretion on the part of the teacher except in certain circumstances. One of those exception circumstances is student discipline. This appeal involves the occurrence of that student discipline exception. Absent that exception, it is undisputed that Stulting has absolute immunity from personal liability to Michael. We conclude that Stulting has met his burden on his motion for summary judgment to establish as a matter of law that the student discipline exception did not occur. Consequently, we conclude that Stulting has absolute immunity from personal liability to Michael. It follows that the trial court properly granted Stulting's motion for summary judgment because the summary judgment evidence proved as a matter of law each element of Stulting's affirmative defense. We overrule Michael's first point of error. Moreover, the trial court properly granted Stulting's motion for summary judgment because Stulting established as a matter of law that his actions did not constitute discipline. Therefore, there are no material fact issues in the case which are unresolved. We overrule Michael's second point of error.

Affirmed.