COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

ROGER R. GOERLITZ d/b/a
AMERICAN          )

WOOD WASTE RECYCLING,                           )             
No.  08-02-00087-CV

                                                                              )

Appellant,                          )                   Appeal from the

                                                                              )

v.                                                                           )            
County Court at Law #2

                                                                              )

CITY OF MIDLAND, TEXAS,                            )         
of Midland County, Texas

                                                                              )

Appellee.                           )                
(TC# CC-11,143)

                                                                              )

 

O
P I N I O N

 

Appellant Roger
Goerlitz d/b/a American Wood Waste Recycling appeals from the trial court=s granting of a plea to the
jurisdiction and dismissal of the case for want of jurisdiction in favor of
Appellee, the City of Midland, Texas.  On
appeal, Appellant raises four issues all related to the trial court=s dismissal of the case for want of
jurisdiction.  We reverse and remand.








Appellant is in
the business of grinding wood waste into mulch. 
Appellee contracted with Appellant to chip wood.  Before the job was completed, a fire started
at the job site and all of the chipped wood was burned.  Appellant never completed the job.  Appellee claims the fire and attendant costs
and losses were a result of Appellant=s
negligence.  Appellant contends the fire
started because Appellee failed to remove metal from the wood waste.  When presented with a bill from Appellant for
services rendered under the contract, Appellee refused to pay.

Appellant filed
suit against Appellee for breach of contract. 
Appellee filed a 

counter-claim based on Appellant=s performance of services under the
contract.  Appellee then filed a plea to
the jurisdiction, which was granted by the trial court.  Appellant now brings this accelerated appeal
raising four issues:  (1) whether consent
to sue Appellee is statutorily provided by Local Government Code ' 51.075; (2) whether Appellee consented
to suit under the language of the City Charter; (3) whether Appellee consented
to the jurisdiction of the trial court by filing a counter-claim; (4) whether
Appellant adequately plead the bases for the court=s
jurisdiction.

A plea to the
jurisdiction is a dilatory plea challenging a trial court=s authority to determine the subject
matter of a pleaded cause of action.  Tex. State Employees Union/CWA Local 6184
A.F.L.C.I.O. v. Tex. Workforce Comm=n,
16 S.W.3d 61, 65 (Tex.App.--Austin 2000, no pet.).  Its purpose is Ato
defeat a cause of action without regard to whether the claims asserted have
merit.@  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  Because the
existence of subject-matter jurisdiction is a question of law, the trial court=s ruling on a plea to the jurisdiction
is reviewed under a de novo standard. 
City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex.App.--El Paso
2000, pet. dism=d
w.o.j.).








The plaintiff has
the burden to allege facts affirmatively demonstrating the subject-matter
jurisdiction of the trial court.  Tex.
Ass=n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  The lower court is required to construe
liberally the allegations in favor of jurisdiction unless the face of the
petition affirmatively establishes a lack of jurisdiction.  Peek v. Equip. Serv. Co. of San Antonio,
779 S.W.2d 802, 804 (Tex. 1989).  Thus,
dismissal of a cause of action for lack of subject-matter jurisdiction is
proper only when it is impossible for the plaintiff=s
petition to confer jurisdiction on the trial court.  TRST Corpus, Inc. v. Financial Center,
Inc., 9 S.W.3d 316, 320 (Tex.App.--Houston [14th Dist.] 1999, pet. denied).

On appellate
review of a trial court=s
dismissal for want of jurisdiction, we construe the pleadings in favor of the
plaintiff and look to the pleader=s
intent.  Tex. Ass=n of Bus., 852 S.W.2d at 446.  Our task is to determine whether Appellant
pleaded a claim that appropriately invoked the trial court=s jurisdiction.  The reviewing court should not address the
merits of the case.  Blue, 34
S.W.3d at 554.

The doctrine of
sovereign immunity protects the State from lawsuits for money damages.  General Services Comm=n v. Little-Tex Insulation Co., Inc.,
39 S.W.3d 591, 594 (Tex. 2001). 
Sovereign immunity incorporates two principles:  immunity from suit and immunity from
liability.  Federal Sign v. Texas
Southern University, 951 S.W. 2d 401, 405 (Tex. 1997); Avmanco, Inc. v.
City of Grand Prairie, 835 S.W.2d 160, 164-65 (Tex.App.--Fort Worth 1992,
dism=d as
moot).  Immunity from suit prevents a
suit against the State unless the Legislature expressly consents to the suit.  General Services Comm=n, 39 S.W.3d at 594; Missouri
Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812, 814 (Tex.
1970).  If the Legislature has not
expressly waived immunity from suit, the State preserves such immunity even if
its liability is not disputed.  Federal
Sign, 951 S.W.2d at 405; Missouri Pac. R.R. Co., 453 S.W.2d at
813.  Immunity from liability shields the
State from money judgments even if the Legislature has expressly given consent
to sue.  General Services Comm=n, 39 S.W.3d at 594.

 








The Supreme Court
has long recognized it is the Legislature=s
sole province to waive or abrogate sovereign immunity.  Texas Natural Resource Conservation
Commission v. IT-Davy, 74 S.W.3d 849, 853 (Tex. 2002), citing Federal
Sign, 951 S.W.2d at 409 (and recognizing numerous other cases).  The Legislature may consent to suits against
the State by legislative statute or by resolution granting express legislative
permission.  General Services Comm=n, 39 S.W.3d at 594; Federal
Sign, 951 S.W.2d at 405.  Such
consent must be expressed in Aclear
and unambiguous language.@  Tex.Gov=t Code Ann. '
311.034 (Vernon Supp. 2003); IT-Davy, 74 S.W.3d at 854; University of
Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175, 177 (Tex. 1994).

Nonetheless, when
the State contracts with a private citizen, it waives its immunity from
liability.  Federal Sign, 951
S.W.2d at 405-06; Dillard v. Austin Ind. Sch. Dist., 806 S.W.2d 589, 592
(Tex.App.--Austin 1991, writ denied).  A
contract is just as binding upon a municipality as it is upon an individual
citizen.  Avmanco, Inc., 835
S.W.2d at 165; State v. City Nat=l
Bank of Austin, 578 S.W.2d 155, 159 (Tex.Civ.App.--Tyler 1979), aff=d, 603 S.W.2d 764 (Tex. 1980).  As such, when the State enters into a
contract for its benefit it is liable as if it were a private person.  Federal Sign, 951 S.W.2d at 405-06; State
v. Elliott, 212 S.W. 695, 697-98 (Tex.Civ.App.--Galveston 1919, writ ref=d). 
In the case before us, Appellee entered into a contract for its own
benefit with Appellant.  In so doing,
Appellee waived immunity from liability on that contract, just as if it were a
private citizen.  Federal Sign,
951 S.W.2d at 405-06.  The only issue on
appeal is whether Appellee retains immunity from suit.








With his first two
issues, Appellant argues the trial court erred in dismissing the case for want
of jurisdiction because consent to sue Appellee is provided by both the Local
Government Code ' 51.075
and the City Charter.  Appellant relies
on two decisions by the Fort Worth Court of Appeals interpreting the language
of Local Government Code '
51.075 as providing statutory 

consent to suit.[1]  This section of the code states:  A[t]he
municipality may plead and be impleaded in any court.@
 Tex.Loc.Gov=t
Code Ann. ' 51.075
(Vernon 1999).  The City=s Charter also includes similar
language.  Article III, sec. 1(a) of the
Midland City Charter provides in part:

The City of Midland,
made a body politic and corporate by the adoption of this Charter, shall have
perpetual succession; may use a common seal; may sue and be sued; may
contract and be contracted with; implead and be impleaded in all courts and
places and in all matters whatever . . . .@  [Emphasis added].

 

Because both the
State and the City have enacted legislation providing their respective consent
to suits against the City, we find Appellee to have waived immunity from
liability in this case.  Knowles,
953 S.W.2d at 23; Avmanco, Inc., 835 S.W.2d at 165.  As a home-rule municipality, Appellee may sue
and be sued.  Tex.Loc.Gov=t Code Ann. '
51.075; Knowles, 953 S.W.2d at 23; Avmanco, Inc., 835 S.W.2d at
165.  Further, Appellee=s Charter provides that it Amay sue and be sued; may contract and
be contracted with . . . .@  Appellee waived its immunity from liability
when it contracted with Appellant.  Federal
Sign, 951 S.W.2d at 405-06.  Because
the Local Government Code and the City Charter provide that Appellee may be
sued, its immunity from suit is also waived. 
Knowles, 953 S.W.2d at 23; Avmanco, Inc., 835 S.W.2d at
165.  Therefore, Appellee=s sovereign immunity defense fails as a
matter of law.  Knowles, 953
S.W.2d at 23; Avmanco, Inc., 835 S.W.2d at 165.  Appellant=s
first and second issues on appeal are sustained, and it is unnecessary to reach
the remaining issues.

 








The judgment of
the trial court is reversed and this cause is remanded to the trial court for 

further proceedings consistent with
this opinion.

 

 

 

December
12, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 5

McClure, J., Chew, J., and Preslar, C.J. (Ret.)

Preslar, C.J. (Ret.)(Sitting by Assignment)

 

(Publish)











[1]
Knowles v. City of Granbury, 953 S.W.2d 19, 23 (Tex.App.--Fort Worth
1997, pet. denied); Avmanco, Inc. v. City of Grand Prairie, 835 S.W.2d
160, 164-65 (Tex.App.--Fort Worth 1992, dism=d
as moot).