**Order entered October 21, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00993-CV

**RAUL GALVEZ, Appellant**

**V.**

**TORNADO BUS COMPANY D/B/A TORNADO MONEY TRANSFERS AND JUAN VASQUEZ, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-15700**

## ORDER

This is an appeal from a summary judgment. We issue this abatement order after determining, from a review of the record, that no final judgment exists.

Subject to certain limited exceptions not applicable here, we have jurisdiction only over final judgments or orders, that is, judgments or orders that dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The summary judgment challenged here disposes of all the claims asserted by Raul Galvez against Tornado Bus Company d/b/a Tornado Money Transfers and Juan Vasquez. Tornado Bus, however, asserted counterclaims against Galvez and, although Tornado Bus gave notice of dismissal without prejudice of its counterclaims, the summary judgment makes no reference to them.

A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable absent an order severing that phase of the case or disposing of the

remaining parties and issues. *See City of Beaumont v. Guillory*, 751 S.W.2d 491, 493 (Tex. 1988) (per curiam). The record before us contains no severance order and no order otherwise disposing of the counterclaims. While a party has an absolute right to nonsuit or dismiss its claims and the filing of a notice of nonsuit or motion to dismiss immediately renders the merits of the case moot, *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010), an order dismissing the claims is necessary to effectuate, for appellate purposes, a final disposition of the claims. *See Davidoff v. GX Tech. Corp.*, 134 S.W.3d 514, 515 (Tex. App.—Waco 2004, order) (per curiam) (though summary judgment and dismissal order disposed of plaintiff's claims, and though defendant filed notice that it was nonsuiting its counterclaims, no final, appealable judgment existed because court had not signed order dismissing counterclaims); *Stark v. Morgan*, 560 S.W.2d 218, 219 (Tex. App.—Dallas 1977, no writ) (dismissing for want of jurisdiction appeal from partial summary judgment where plaintiffs filed motion to nonsuit remaining claim but trial court failed to sign order dismissing that claim).

Although we could dismiss the appeal for lack of jurisdiction, we conclude the proper way to proceed in this appeal is to abate it to permit the trial court to sign an order dismissing the counterclaims. *See* TEX. R. APP. P. 27.2; *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam). We **ORDER** the trial court clerk to file a supplemental record containing the dismissal order **within ten (10) days** from the date of entry of that order.

We **ABATE** the appeal and **REMAND** the cause to the trial court so it may comply with this order. *See* TEX. R. APP. P. 27.2; *McNally*, 52 S.W.3d at 196. The appeal shall be reinstated when the supplemental record is received or within forty-five days, whichever is earlier.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE