## McCOLLUM v. CITY OF RICHARDSON.
### No. 12754.

Court of Civil Appeals of Texas. Dallas.
Oct. 22, 1938.

Rehearing Denied Nov. 12, 1938.

F. B. Davenport, of Dallas, for appellant.

Claude D. Bell, of Dallas, for appellee.

BOND, Chief Justice.

The City of Richardson instituted this suit against E. W. McCollum, to collect delinquent taxes for the year 1937 and foreclose tax-lien on certain property located in said city owned by the defendant.

The City of Richardson is an incorporated city or town having a population of over five hundred and less than five thousand inhabitants, operating under a commission form of government. On February 1, 1937, the city passed an ordinance authorizing and directing the employment of a special attorney to collect all of its delinquent taxes for all years up to and including the year 1937, at a stipulated fee of twenty per cent of the amount collected. Thereafter, in accordance with said ordinance, an attorney was employed, resulting in this suit. The taxes, penalty, and interest sued for were duly levied, assessed and equalized, and are now delinquent. The only contention urged by appellant is, that the city had no authority to employ the attorney at a stipulated fee in excess of fifteen per cent of the amount collected, thus, the contract illegal and the institution of the suit void.

■ Appellant cites no court authority to sustain his contention, relies solely on article 7335a, Vernon's Ann.Civ.St., Acts 4th Called Sess. 41st Leg., 1930, p. 9, c. 8, which reads: "No contract shall be made or entered into by the Commissioners' Court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected." Obviously, this statute has special application to contracts entered into by Commissioners' Courts of counties for collection of state and county taxes, and has no bearing whatever on the rights of cities, towns, and school districts and other municipalities, except as a cumulative provision authorized by article 7337, reading: "Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter." Such article was not intended to take away the authority given to cities, towns, and schools by special charters, or otherwise, to bring an ordinary suit to recover taxes and make contracts for the collection thereof. Cities, towns, and school districts have the right to sue and be sued, contract and be contracted with and conduct and control all of its affairs, particularly their finances and taxes.

■ Article 1041, R.S., provides: "The city council may provide, by ordinance, for the prompt collection of all taxes assessed, levied and imposed under this title [Title 28], and is authorized to sell or cause to be sold real as well as personal property, and may make such rules and regulations, and pass all ordinances as they may deem necessary to the levying, laying, imposing, assessing and collecting of any tax herein provided." And article 1042 provides: "The city council may by ordinance, * * * adopt such measures as they deem advisable to secure the assessment of all property within the limits of said city, and collect the tax thereupon." As a necessary incident to the power to sue and be sued, contract and be contracted with and to collect all taxes assessed, levied, and imposed by such measures as the council deem advisable, in the absence of restrictions, it must be held that the city has authority to employ special counsel to defend or prosecute its suits (Chrestman v. Tompkins, Tex.Civ.App., 5 S.W.2d 257), and to pay such counsel such compensation as they deem necessary. Article 7337, supra, authorizes incorporated cities or towns or school districts to enforce the collection of delinquent taxes due it, under the provisions of article 7335, but does not in anywise restrict the powers of such cities, towns, and school districts. The article merely gives to such corporations the same rights as therein conferred on Commissioners' Courts and are cumulative of all rights which cities, towns, and school districts already possess.

■ There is nothing in the statutes to indicate that the remedy pursued by appellee is not authorized, therefore, it follows that, as the city has a right to sue for the taxes and also to foreclose lien upon property assessed, its suit is maintainable, irrespective of the amount contracted to be paid to the attorney for bringing the suit. A delinquent tax-payer has no vested right in the mode of collecting delinquent taxes, and suffers no special injury perforce of agreement or contract to pay special counsel for the collection thereof.

The suit was authorized by the city, the taxes have been legally assessed, due and unpaid. The judgment of the court below is affirmed.

Affirmed.

### On Motion for Rehearing.

■ In the original opinion, we took occasion to say that the statutes there under consideration do not restrict the right of a city or town to contract with an attorney to pay attorney fees on percentage

of the amount of delinquent taxes, interest or penalty collected. Our attention was not directed to articles 7335 and 7343, R.S., dealing specifically with the rights of cities incorporated under general laws to make such contracts. In the case of City of South Houston v. Dabney, 120 S.W.2d 436, the Commission of Appeals, opinion by Judge Harvey, approved by the Supreme Court, the court holds, that the governing body of a city operating under general laws have no authority under either article 7335 or 7343, R.S., dealing with the collection of delinquent taxes, to contract with an attorney, as compensation for his services in collecting such taxes, a percentage of the taxes, interest or penalties collected. However, be that as it may, a delinquent tax-payer cannot defeat the payment of his taxes, on the ground that the city exceeded its authority in allowing the attorney a fee greater than the law permits, where the governing body of the city authorized the suit to be brought. The tax-payer suffers no special injury perforce of the contract, thus its illegality is not available as a defense to the suit. Motion for rehearing is overruled.

Motion overruled.