**Roger R. GOERLITZ d/b/a American Wood Waste Recycling,**
**Appellant,**

v.

**CITY OF MIDLAND, Texas, Appellee.**

No. 08–02–00087–CV.

Court of Appeals of Texas, El Paso.

Jan. 30, 2003.

Steven Calens Haley, Moorman, Tate, Moorman, Urquhart & Haley, L.L.P., Brenham, for appellant.

Karla Whitsitt, City Attorney's Office, Midland, for appellee.

Before Panel No. 5 McCLURE, J., CHEW, J., and PRESLAR, C.J. (Retired).

## OPINION

DAVID WELLINGTON CHEW, Justice.

The opinion dated December 12, 2002 is hereby withdrawn and the following opinion is substituted.

Appellant Roger Goerlitz d/b/a American Wood Waste Recycling appeals from the trial court's granting of a plea to the jurisdiction and dismissal of the case for want of jurisdiction in favor of Appellee, the City of Midland, Texas. On appeal, Appellant raises four issues all related to the trial court's dismissal of the case for want of jurisdiction. We reverse and remand.

Appellant is in the business of grinding wood waste into mulch. Appellee contracted with Appellant to chip wood. Before the job was completed, a fire started at the job site and all of the chipped wood was burned. Appellant never completed the job. Appellee claims the fire and attendant costs and losses were a result of Appellant's negligence. Appellant contends the fire started because Appellee failed to remove metal from the wood waste. When presented with a bill from Appellant for services rendered under the contract, Appellee refused to pay.

Appellant filed suit against Appellee for breach of contract. Appellee filed a counter-claim based on Appellant's performance of services under the contract. Appellee then filed a plea to the jurisdiction, which was granted by the trial court. Appellant now brings this accelerated appeal raising four issues: (1) whether consent to sue Appellee is statutorily provided by Local Government Code § 51.075; (2) whether Appellee consented to suit under the language of the City Charter; (3) whether Appellee consented to the jurisdiction of the trial court by filing a counter-claim; (4) whether Appellant adequately plead the bases for the court's jurisdiction.

A plea to the jurisdiction is a dilatory plea challenging a trial court's authority to determine the subject matter of a pleaded cause of action. *Tex. State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Tex. Workforce Comm'n,* 16 S.W.3d 61, 65 (Tex.App.-Austin 2000, no pet.). Its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Because the existence of subject-matter jurisdiction is a question of law, the trial court's ruling on a plea to the jurisdiction is reviewed under a *de novo* standard. *City of Midland v. Sullivan,* 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.).

The plaintiff has the burden to allege facts affirmatively demonstrating the subject-matter jurisdiction of the trial court. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). The lower court is required to construe liberally the allegations in favor of jurisdiction unless the face of the petition affirmatively establishes a lack of jurisdiction. *Peek v. Equip. Serv. Co. of San Antonio,* 779 S.W.2d 802, 804 (Tex.1989). Thus, dismissal of a cause of action for lack of subject-matter jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *TRST Corpus, Inc. v. Financial Center, Inc.,* 9 S.W.3d 316, 320 (Tex. App.-Houston [14th Dist.] 1999, pet. denied).

On appellate review of a trial court's dismissal for want of jurisdiction, we construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446. Our task is to determine whether Appellant pleaded a claim that appropriately invoked the trial court's jurisdiction. The

reviewing court should not address the merits of the case. *Blue,* 34 S.W.3d at 554.

The doctrine of sovereign immunity protects the State from lawsuits for money damages. *General Services Comm'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 594 (Tex.2001). Sovereign immunity incorporates two principles: immunity from suit and immunity from liability. *Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 405 (Tex.1997); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 164–65 (Tex.App.-Fort Worth 1992, dism'd as moot). Immunity from suit prevents a suit against the State unless the Legislature expressly consents to the suit. *General Services Comm'n,* 39 S.W.3d at 594; *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 814 (Tex.1970). If the Legislature has not expressly waived immunity from suit, the State preserves such immunity even if its liability is not disputed. *Federal Sign,* 951 S.W.2d at 405; *Missouri Pac. R.R. Co.,* 453 S.W.2d at 813. Immunity from liability shields the State from money judgments even if the Legislature has expressly given consent to sue. *General Services Comm'n,* 39 S.W.3d at 594.

The Supreme Court has long recognized it is the Legislature's sole province to waive or abrogate sovereign immunity. *Texas Natural Resource Conservation Commission v. IT–Davy,* 74 S.W.3d 849, 853 (Tex.2002), *citing Federal Sign,* 951 S.W.2d at 409 (and recognizing numerous other cases). The Legislature may consent to suits against the State by legislative statute or by resolution granting express legislative permission. *General Services Comm'n,* 39 S.W.3d at 594; *Federal Sign,* 951 S.W.2d

at 405. Such consent must be expressed in "clear and unambiguous language." TEX.GOV'T CODE ANN. § 311.034 (Vernon Supp.2003); *IT–Davy,* 74 S.W.3d at 854; *University of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex. 1994).

Nonetheless, when the State contracts with a private citizen, it waives its immunity from liability. *Federal Sign,* 951 S.W.2d at 405–06; *Dillard v. Austin Ind. Sch. Dist.,* 806 S.W.2d 589, 592 (Tex. App.-Austin 1991, writ denied). A contract is just as binding upon a municipality as it is upon an individual citizen. *Avmanco, Inc.,* 835 S.W.2d at 165; *State v. City Nat'l Bank of Austin,* 578 S.W.2d 155, 159 (Tex.Civ.App.-Tyler 1979), *aff'd,* 603 S.W.2d 764 (Tex.1980). As such, when the State enters into a contract for its benefit it is liable as if it were a private person. *Federal Sign,* 951 S.W.2d at 405–06; *State v. Elliott,* 212 S.W. 695, 697–98 (Tex.Civ. App.-Galveston 1919, writ ref'd). In the case before us, Appellee entered into a contract for its own benefit with Appellant. In so doing, Appellee waived immunity from liability on that contract, just as if it were a private citizen. *Federal Sign,* 951 S.W.2d at 405–06. The only issue on appeal is whether Appellee retains immunity from suit.

With his first two issues, Appellant argues the trial court erred in dismissing the case for want of jurisdiction because consent to sue Appellee is provided by both the Local Government Code § 51.075 and the City Charter. Appellant relies on two decisions by the Fort Worth Court of Appeals interpreting the language of Local Government Code § 51.075 as providing statutory consent to suit.[1]

---

1. *Knowles v. City of Granbury,* 953 S.W.2d 19, 23 (Tex.App.-Fort Worth 1997, pet. denied);

*Avmanco, Inc. v. City of Grand Prairie,* 835

This section of the code states: "[t]he municipality may plead and be impleaded in any court." TEX.LOC.GOV'T CODE ANN. § 51.075 (Vernon 1999). The City's Charter also includes similar language. Article III, sec. 1(a) of the Midland City Charter provides in part:

> The City of Midland, made a body politic and corporate by the adoption of this Charter, shall have perpetual succession; may use a common seal; *may sue and be sued; may contract and be contracted with; implead and be impleaded in all courts and places and in all matters whatever....* " [Emphasis added].

Because both the State and the City have enacted legislation providing their respective consent to suits against the City, we find Appellee to have waived immunity from suit in this case. *Knowles*, 953 S.W.2d at 23; *Avmanco, Inc.*, 835 S.W.2d at 165. As a home-rule municipality, Appellee may sue and be sued. TEX.LOC. GOV'T CODE ANN. § 51.075; *Knowles*, 953 S.W.2d at 23; *Avmanco, Inc.*, 835 S.W.2d at 165. Further, Appellee's Charter provides that it "may sue and be sued; may contract and be contracted with...." Appellee waived its immunity from liability when it contracted with Appellant. *Federal Sign*, 951 S.W.2d at 405–06. Because the Local Government Code and the City Charter provide that Appellee may be sued, its immunity from suit is also waived. *Knowles*, 953 S.W.2d at 23; *Avmanco, Inc.*, 835 S.W.2d at 165. Therefore, Appellee's sovereign immunity defense fails as a matter of law. *Knowles*, 953 S.W.2d at 23; *Avmanco, Inc.*, 835 S.W.2d at 165. Appellant's first and second issues on appeal are sustained, and it is unnecessary to reach the remaining issues.

S.W.2d 160, 164–65 (Tex.App.-Fort Worth

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

PRESLAR, C.J. (Ret.)(Sitting by Assignment).