CITY OF MEXIA, Texas, Appellant,

v.

Judy TOOKE and Everett Tooke, d/b/a J.E. Tooke & Sons and d/b/a Nature's Way Organic Landscaping, Appellees.

No. 10–02–261–CV.

Court of Appeals of Texas, Waco.

July 23, 2003.

Rehearing Overruled Aug. 13, 2003.

Kathleen French Dow, Buenger & Associates, Waco, for Appellant.

Brian L. Gibson, Gibson & Associates, P.L.L.C., Groesbeck, for Appellees.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

In this appeal, we decide whether section 51.075 of the Texas Local Government Code provides a waiver of immunity from suit for home-rule municipalities. Texas appellate courts are divided on this issue. We conclude that section 51.075 does not constitute a "clear and unambiguous" waiver of immunity from suit.

## BACKGROUND

The City of Mexia contracted with J.E. Tooke and Sons ("Tooke") for curbside collection of brush and leaves within the city. The contract was automatically renewable each year unless either party gave written notice of an intent to terminate at least sixty days before the anniversary date of the contract. The contract took effect on November 1, 1996.

A city employee verbally notified Tooke in December 1997 that it would no longer require Tooke's services under the contract because of budgetary limitations. The city manager sent Tooke a letter in March 1998 confirming the prior verbal notification. Tooke[1] sued the City for breach of contract in September 1999.

The court denied the City's plea to the jurisdiction. A jury found that the City breached the contract, that Tooke suffered $8,659 in damages as a result, and that Tooke had incurred $7,500 in reasonable and necessary attorney's fees. The court rendered judgment in accordance with the verdict.

## SOVEREIGN IMMUNITY

### GENERAL PRINCIPLES

■ Sovereign immunity protects the State, its agencies and officials, and political subdivisions of the State from suit, unless immunity from suit has been waived. *Fed. Sign v. Tex. Southern U.*, 951 S.W.2d 401, 405 (Tex.1997); *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex.1996). A municipality is a political subdivision of the State. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon Supp.2003); *McKinney*, 936 S.W.2d at 283.

■ The sovereign immunity of the State inures to the benefit of a municipality insofar as the municipality engages in the exercise of governmental functions,[2]

---

1. Everett and Judy Tooke, dba J.E. Tooke and Sons, and dba Nature's Way Organic Landscaping.

2. The Legislature has defined "governmental functions" as "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a) (Vernon Supp. 2003).

except where that immunity has been waived. *City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997); *Oldfield v. City of Houston,* 15 S.W.3d 219, 225 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Conversely, a municipality has no "sovereign immunity" when it engages in the exercise of proprietary functions.[3] *Id.* This has long been the state of the law. *E.g., City of Galveston v. Posnainsky,* 62 Tex. 118, 127 (1884).

 "[I]it is the Legislature's sole province to waive or abrogate sovereign immunity." *Tex. Nat. Resources Conservation Commn. v. IT–Davy,* 74 S.W.3d 849, 853 (Tex.2002) (quoting *Fed. Sign,* 951 S.W.2d at 409); *accord Guillory v. Port of Houston Auth.,* 845 S.W.2d 812, 813 (Tex. 1993). Immunity from suit can be waived only by legislative consent or constitutional amendment. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 695 (Tex.2003); *Fed. Sign,* 951 S.W.2d at 405. Such a waiver must be expressed "by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2003); *Fed. Sign,* 951 S.W.2d at 405 (quoting *U. of Tex. Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994)); *accord Taylor,* 106 S.W.3d at 696.

 Statutory language providing that a political subdivision "may sue or be sued" provides the requisite clarity to establish a waiver of immunity from suit. *Mo. Pacific R.R. v. Brownsville Nav. Dist.,* 453 S.W.2d 812, 813 (Tex.1970) (cit-

ing Act effective Feb. 19, 1925, 39th Leg., R.S., ch. 5, § 46, 1925 Tex. Gen. Laws 7, 21 (repealed 1971) (current version at TEX. WATER CODE ANN. § 62.078 (Vernon 1988)));[4] *Tarrant County Hosp. Dist. v. Henry,* 52 S.W.3d 434, 448 (Tex.App.-Fort Worth 2001, no pet.); *accord Taylor,* 106 S.W.3d at 696–97 ("we have little difficulty recognizing the Legislature's intent to waive immunity from suit when a statute provides that a state entity *may be sued* ") (emphasis added); *but cf. Jackson v. City of Galveston,* 837 S.W.2d 868 (Tex.App.-Houston [14th Dist.] 1992, writ denied) (statute which provides that Type A general-law municipality "may sue and be sued" does not waive immunity from suit); *Townsend v. Memorial Med. Ctr.,* 529 S.W.2d 264, 267 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.) (statute permitting hospital authority to "sue and be sued" does not waive immunity from suit).

## SECTION 51.075

Section 51.075 of the Local Government Code provides that a home-rule municipality "may plead and be impleaded in any court." TEX. LOC. GOV'T CODE ANN. § 51.075 (Vernon 1999). The Fort Worth and El Paso Courts of Appeals have concluded that this language waives a home-rule municipality's immunity from suit. *Goerlitz v. City of Midland,* 101 S.W.3d 573, 577 (Tex.App.-El Paso 2003, pet. filed); *State v. Kreider,* 44 S.W.3d 258, 266 (Tex.App.-Fort Worth 2001, pet. denied); *Knowles v.*

---

**3.** The Legislature has defined "proprietary functions" as "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality." *Id.* § 101.0215(b) (Vernon Supp.2003).

**4.** The 1925 statute (codified as art. 8263h, § 46 of the Revised Civil Statutes of 1925) provided:

All navigation districts established under this Act may, by and through the navigation

and canal commissioners, sue and be sued in all courts of this State in the name of such navigation district, and all courts of this State shall take judicial notice of the establishment of all districts.

Act effective Feb. 19, 1925, 39th Leg., R.S., ch. 5, § 46, 1925 Tex. Gen. Laws 7, 21 (repealed 1971) (current version at TEX. WATER CODE ANN. § 62.078 (Vernon 1988)).

*City of Granbury,* 953 S.W.2d 19, 23 (Tex. App.-Fort Worth 1997, pet. denied); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 164–65 (Tex.App.-Fort Worth 1992, writ dism'd as moot); *but see City of Fort Worth v. Pastusek Indus., Inc.,* 48 S.W.3d 366, 371–72 (Tex.App.-Fort Worth 2001, no pet.) (breach of contract claim against city barred by sovereign immunity).[5] The Dallas Court of Appeals has reached the opposite conclusion. *City of Dallas v. Reata Constr. Corp.,* 83 S.W.3d 392, 398 (Tex.App.-Dallas 2002, pet. filed); *contra City of Garland v. Shierk,* No. 05–99–258–CV, 2000 WL 721602, at *2, 2000 Tex.App. LEXIS 3706, at *4–6 (Tex.App.-Dallas June 6, 2000, pet. denied) (citing *Avmanco,* 835 S.W.2d at 165) (not designated for publication).

Because the El Paso court (and the Dallas court in *Shierk*) relied almost exclusively on the Fort Worth court's analysis, we begin with the latter's analysis. *See Goerlitz,* 101 S.W.3d at 576–77 & n. 1 (citing *Knowles,* 953 S.W.2d at 23; *Avmanco,* 835 S.W.2d at 164–65). Beginning with *Avmanco,* the Fort Worth court has taken the position that section 51.075 waives a home-rule municipality's immuni-

ty from suit.[6] 835 S.W.2d at 165; *but see Pastusek Indus.,* 48 S.W.3d at 371–72.

In *Avmanco,* the court cited *McCollum v. City of Richardson* to support the proposition that the "plead and be impleaded" language of section 51.075 waives immunity from suit. *Avmanco,* 835 S.W.2d at 165 (citing *McCollum,* 121 S.W.2d 423, 424 (Tex.Civ.App.-Dallas 1938, writ dism'd)). However, *McCollum* is inapposite on two counts because: (1) the City of Richardson was an incorporated municipality for which former article 1140 provided "power *to sue and be sued*";[7] and (2) it was a suit instituted by a municipality rather than a suit against a municipality. 121 S.W.2d at 423–24.

In addition, we cannot agree that the term "plead and be impleaded" constitutes a "clear and unambiguous" waiver of immunity from suit. TEX. GOV'T CODE ANN. § 311.034; *Taylor,* 106 S.W.3d at 696; *Fed. Sign,* 951 S.W.2d at 405. The Supreme Court has never held this particular language sufficient. Holding such language adequate fails to account for the fact that the Legislature used the same terminology in statutes governing general-law municipalities side-by-side with the "sue and be sued" language which the Supreme

---

5. The Fort Worth court did not discuss its prior holdings or section 51.075 in *City of Fort Worth v. Pastusek Industries, Inc.* 48 S.W.3d 366, 371–72 (Tex.App.-Fort Worth 2001, no pet.).

6. The Fort Worth court also found a waiver of immunity from suit in municipal charter provisions which permit the municipality to "sue and be sued." *Knowles v. City of Granbury,* 953 S.W.2d 19, 23 (Tex.App.-Fort Worth 1997, pet. denied); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 165 (Tex.App.-Fort Worth 1992, writ dism'd as moot); *accord Goerlitz v. City of Midland,* 101 S.W.3d 573, 576–77 (Tex.App.-El Paso 2003, pet. filed). However, Tooke presented no evidence regarding any provision in the City of Mexia's charter containing such language.

Accordingly, we do not address whether such a charter provision can waive a municipality's immunity from suit.

7. The former article 1140 of the Revised Civil Statutes of 1925 provided:

[A duly incorporated] town shall be invested with all rights incident to such corporation under this chapter, and shall have power *to sue and be sued,* plead and be impleaded, and to hold and dispose of real and personal property, provided such real property is situated within the limits of the corporation.

Act effective Sept. 1, 1925, 39th Leg., R.S., § 1, art. 1140 (repealed 1987) (current version at TEX. LOC. GOV'T CODE ANN. § 51.033 (Vernon 1999)).

Court has construed to waive immunity from suit. Tex. Loc. Gov't Code Ann. §§ 51.013, 51.033 (Vernon 1999); *see also Taylor*, 106 S.W.3d at 696–97; *Mo. Pacific R.R.*, 453 S.W.2d at 813.

■ According to the Code Construction Act, we must presume that the Legislature intended the entirety of the Local Government Code to be effective. Tex. Gov't Code Ann. § 311.021(2) (Vernon 1998). Thus, we presume that the Legislature used every word for a particular purpose. *City of Austin v. Sw. Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex.2002). If we construe the term "plead and be impleaded" to have the same meaning as the term "sue and be sued," we run afoul of this settled principle of statutory construction.

Rather, the Supreme Court has established guidelines to consider in the absence of a clear and unambiguous waiver of immunity: (1) the statute in question must waive immunity "beyond doubt"; (2) ambiguities are generally resolved in favor of immunity; (3) if the Legislature requires the joinder of a governmental entity in a suit for which immunity would otherwise attach, the Legislature has waived immunity; and (4) if the Legislature simultaneously enacts legislation limiting the governmental unit's potential liability, a waiver of immunity may be found. *Taylor*, 106 S.W.3d at 697–98.

With regard to the first guideline, the Court observed that it has found a waiver of immunity in other circumstances where the statute in question would be meaningless if it did not waive immunity. *Id.* at 697 (citing *Kerrville State Hosp. v. Fer-*

*nandez*, 28 S.W.3d 1, 8 (Tex.2000)). The statute under review in *Fernandez* (the State Applications Act) expressly incorporated the anti-retaliation provisions of the workers compensation statutes. *See Fernandez*, 28 S.W.3d at 4 (citing Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 15.44, sec. 15(b), 1989 Tex. Gen. Laws 1, 111 (repealed 1993) (current version at Tex. Labor Code Ann. § 501.002(a)(10) (Vernon Supp.2003))). The same statute also expressly designated individual state agencies as "employers" for purposes of the anti-retaliation law. *Id.* at 7–8 (citing Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 15.44, sec. 15(b), 1989 Tex. Gen. Laws 1, 112 (repealed 1993) (current version at Tex. Labor Code Ann. § 501.002(b) (Vernon Supp.2003))). The Court concluded that the express designation of state agencies as employees for purposes of the anti-retaliation law "makes no sense unless the Legislature has waived immunity." *Id.* at 7.

Section 51.075 on the other hand is not rendered meaningless if it does not provide a waiver of immunity. Rather, the statute can be reasonably construed as authorization for municipalities to file pleadings and be named in adverse pleadings in lawsuits in which immunity from suit has already been waived. In this regard, we are in agreement with the holding of the Dallas court in *Reata Construction Co.*[8] 83 S.W.3d at 398.

Regarding the remaining factors identified in *Taylor*, section 51.075 is ambiguous at best insofar as it may be construed as waiving a home-rule municipality's immunity from suit. The statute does not re-

---

8. We disagree with the Dallas court's analysis insofar as it relies on the decision of the Fourteenth Court of Appeals in *Jackson v. City of Galveston*. *See City of Dallas v. Reata Constr. Corp.*, 83 S.W.3d 392, 398 (Tex.App.-Dallas 2002, pet. filed) (citing *Jackson*, 837 S.W.2d 868, 871 (Tex.App.-Houston [14th Dist.] 1992, writ denied)). As we have already observed, the holding in *Jackson* appears to contradict the Supreme Court's decision in *Missouri Pacific Railroad*. Compare *Jackson*, 837 S.W.2d at 871 *with Mo. Pacific R.R. v. Brownsville Nav. Dist.*, 453 S.W.2d 812, 813 (Tex.1970).

quire the joinder of a home-rule municipality in a suit for which immunity would otherwise attach. Nor did the Legislature simultaneously enact legislation limiting the potential liability of home-rule municipalities when it enacted section 51.075 or its predecessors. *See Taylor,* 106 S.W.3d at 697–98. Thus, we conclude that section 51.075 does not constitute a legislative waiver of a home-rule municipality's immunity from suit.

### WAIVER BY PARTIAL PERFORMANCE

 Tooke avers that the City has waived its own immunity by partially performing under the contract. However, the Supreme Court has expressly rejected this concept.

In *Federal Sign,* the Supreme Court observed in a footnote that the government may waive its immunity from suit by conduct:

> We hasten to observe that neither this case nor the ones on which it relies should be read too broadly. We do not attempt to decide this issue in any other circumstances other than the one before us today. There may be other circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit when it contracts.

951 S.W.2d at 408 n. 1.

Following *Federal Sign,* several intermediate courts concluded that the government could waive its immunity from a breach of contract suit by accepting benefits under the contract. *E.g., Little–Tex Insulation Co. v. Gen. Servs. Commn.,* 997 S.W.2d 358, 364 (Tex.App.-Austin 1999), *rev'd,* 39 S.W.3d 591 (Tex.2001); *Tex. Southern U. v. Araserve Campus Dining Servs. of Tex., Inc.,* 981 S.W.2d 929, 935 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Alamo Community College Dist. v. Obayashi Corp.,* 980 S.W.2d 745, 750 (Tex.App.-San Antonio 1998, pet. denied).

However, the Supreme Court has expressly rejected this proposition. *IT–Davy,* 74 S.W.3d at 857; *Gen. Servs. Commn. v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 597 (Tex.2001); *accord Travis County v. Pelzel & Assoc., Inc.,* 77 S.W.3d 246, 252 (Tex.2002) (county did not waive immunity from suit by invoking contractual rights). Accordingly, we reject Tooke's contention that the City waived its immunity from suit by partial performance under the contract.

### GOVERNMENTAL V. PROPRIETARY FUNCTIONS

 Tooke contends that the City has no immunity from suit because it made the contract with Tooke in its proprietary capacity. We disagree.

 As previously noted, a municipality performs two types of functions: governmental and proprietary. *Likes,* 962 S.W.2d at 501; *Tex. River Barges v. City of San Antonio,* 21 S.W.3d 347, 356 (Tex. App.-San Antonio 2000, pet. denied); *Oldfield,* 15 S.W.3d at 225. At least since the enactment of the Texas Tort Claims Act,[9] the governmental-proprietary dichotomy has generally been considered only in the context of tort claims. *E.g., Tex. River Barges,* 21 S.W.3d at 356; *Davis v. Lubbock County,* 486 S.W.2d 109, 110 (Tex.Civ. App.-Amarillo 1972, no writ). However, the dichotomy applies with equal force to contract claims. *See Gates v. City of Dallas,* 704 S.W.2d 737, 738–39 (Tex.1986); *City of Houston v. First City,* 827 S.W.2d 462, 480 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *Intl. Bank of Com-*

---

**9.** The Legislature enacted the Texas Tort Claims Act in 1969. *See* Texas Tort Claims Act, 61st Leg., R.S., ch. 292, 1969 Tex. Gen. Laws 874.

*merce v. Union Natl. Bank,* 653 S.W.2d 539, 545–46 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.).

According to section 101.0215(a)(6), "solid waste removal, collection, and disposal" is a governmental function. TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(6). "[T]he mere fact that [this] function has been assigned to a private [entity] does not change the nature of the function from governmental to proprietary." *First City,* 827 S.W.2d at 480. Accordingly, we reject Tooke's contention that the City executed the contract in its proprietary capacity.

For the foregoing reasons, we conclude that the City's first issue is meritorious.[10]

We reverse the judgment of the trial court and render judgment dismissing this cause for want of jurisdiction.

---

**10.** Because the first issue is dispositive, we need not address the remainder of the City's issues. TEX.R.APP. P. 47.1.