Affirmed and Opinion filed January 15, 2004









Affirmed
and Opinion filed January 15, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00022-CV

____________

 

THE CITY OF HOUSTON, Appellant

 

V.

 

CLEAR CHANNEL OUTDOOR, INC., Appellee

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 02-48557

 



 

O P I N I O N

Appellant, the City of Houston, brings this interlocutory
appeal from the trial court=s denial of a plea to the
jurisdiction.  Houston pleaded sovereign
immunity under Texas Local Government Code section 51.075.  We conclude the trial court did not err in
denying the plea and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND








Houston contracted with Clear Channel Outdoor, Inc. to
purchase a billboard for a reconstruction project.  Months later, Houston contacted Clear Channel
and informed it that because the billboard was impermissible, Houston was not
obligated to compensate the owner for any illegal improvement.  After Houston refused to pay, Clear Channel
sued Houston for breach of contract. 
Houston then filed a plea to the jurisdiction, in which it claimed
sovereign immunity under Texas Local Government Code section 51.075.[1]  The trial court denied the plea, and Houston
filed this interlocutory appeal.

DISCUSSION

Houston=s sole issue on appeal is that
the statutory language of section 51.075 dictates that Houston is immune from
suit.[2]  In determining this issue, this Court must
revisit our earlier opinion in Jackson v. City of GalvestonCin which we found Asue and be sued@ did not waive sovereign
immunityCto consider the impact of the
Texas Supreme Court=s more recent rulings in this
area.  See Jackson v. City of
Galveston, 837 S.W.2d 868, 871 (Tex. App.CHouston [14th Dist.] 1992, writ
denied).  As we discuss below, we find,
based on the Texas Supreme Court=s two influential opinions in Federal
Sign v. Texas Southern University and Missouri Pacific Railroad Company
v. Browns Navigation District (AMoPac@), that Houston waived its
sovereign immunity.  Fed. Sign v. Tex.
S. Univ., 951 S.W.3d 401, 405 (Tex. 1997), superseded by statute as
stated in Gen. Servs. Comm=n v. Little-Tex Insulation Co., 39 S.W.3d 591, 593 (Tex.
2001); Mo. Pac. R.R. Co. v. Browns Navigation Dist., 453 S.W.2d 812
(Tex. 1970). 








Before addressing whether the statute=s language waives Houston=s sovereign immunity, we first
note that in Texas, a city is entitled to sovereign immunity.  In City of Galveston v. Posnainsky, the Texas Supreme Court first acknowledged
a city=s sovereign immunity.  62 Tex. 118 (1884).  Municipal corporations Aexercise powers conferred on
them for purposes essentially public@ and these municipalities
should be Adeemed agencies of the state,
and not subject to be sued for any act or omission occurring while in the
exercise of such power, unless, by statute[.]@  Id. at 127.  Recently, the Texas Supreme Court reaffirmed
the fact that cities enjoy sovereign immunity. 
See San Antonio Indep. Sch.
Dist. v. McKinney, 936 S.W.2d 279, 283 (Tex. 1996) (holding A[c]ities
and counties enjoy sovereign immunity@).  Being a city, Houston is entitled to
sovereign immunity.

We now must determine whether Houston=s immunity is waived, thus
allowing Clear Channel to proceed with its suit.  As a general rule, sovereign immunity
covers two principles that protect municipalities in suits for money damages:
immunity from liability and immunity from suit. 
Fed. Sign, 951 S.W.3d at 405. 
Immunity from liability shields the municipality from monetary
judgments, even if the Legislature has expressly given consent to sue.  Gen. Servs. Comm=n, 39 S.W.3d at 594.  So, simply by contracting with a private
party, Houston waived immunity to liability.[3]  On the other hand, immunity from suit
prevents a suit against the municipality unless the Legislature expressly
consents to the suit.[4]  See id.








The real issue in this case boils down to whether Houston=s sovereign immunity from suit
is waived.  Immunity from suit must be
waived by clear and unambiguous language. 
Tex. Loc. Gov=t Code ' 311.034; Fed. Sign, 951
S.W.2d at 405; City of LaPorte v. Barfield,
898 S.W.2d 288, 291 (Tex. 1995) (finding that clear and unambiguous language
for waiving immunity from suit applies to other governmental entities besides
the State); Tex. Natural Res. Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 853 (Tex.
2002); Univ. of Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175,
177 (Tex. 1994).  Accordingly, we must
determine whether the language,  A[t]he municipality may plead
and be impleaded in any court,@ clearly and unambiguously
waives immunity from suit.  Tex. Loc. Gov=t Code ' 51.075. 

We first find guidance to whether this language waives
immunity in the landmark Texas Supreme Court case of MoPac.  There, the relevant statute stated that
navigation and canal commissioners may Asue and be sued@ in Texas courts.  MoPac, 453
S.W.2d at 813.  Without further
discussion, the Texas Supreme Court found the statute was Aquite plain and gives general
consent@ for suit in Texas courts.  Id. 
Since MoPac, most courts have
construed similar statutes with the words Asue and be sued@ as granting a general waiver
of suit.  See Welch v. Coca-Cola
Enters., 36 S.W.3d 532, 537B38 (Tex. App.CTyler 2000, pet. overruled); Bates
v. Tex. State Tech. Coll., 983 S.W.2d 821, 827 (Tex. App.CWaco 1998, writ denied); Engleman Irrigation Dist. v. Shields Bros.,
960 S.W.2d 343, 348 (Tex. App.CCorpus Christi 1997, writ
overruled).  Even though there was little
discussion in MoPac as to the court=s reasoning or analysis, MoPac remains good law.  








In fact, in 1997, the Texas Supreme Court had a second
opportunity in Federal Sign to address this issue; the court could have
denounced MoPac, but it did not.  Fed. Sign, 951 S.W.2d at 408.  Instead of criticizing its holding, the Court
reaffirmed that A>sue and be sued= met the legislative permission
requirement@ to waive  sovereign immunity.  Id. 
Even further, the concurrence by Justices Hecht, Phillips, Cornyn, and Owen discussed the fact that MoPac may have waived all governmental immunity for
contract suits by authorizing the suit of particular agencies.  Id. at 413B14 (Hecht, J.,
concurring).  Even with the possible
blanket waiver, these justices again did not take issue with MoPac.

Following the lead of MoPac
and Federal Sign, several sister appellate courts have interpreted Aplead and be impleaded@ as a waiver of sovereign
immunity.  See Goerlitz
v. City of Midland, 101 S.W.3d 573, 577 (Tex. App.CEl Paso 2003, pet. filed);
Knowles v. City of Granbury, 953 S.W.2d 19, 22 (Tex. App.CFort Worth 1997, writ denied);
Avmanco v. City of Grand Prairie, 835 S.W.2d 160,
164B65 (Tex. App.CFort Worth 1992, writ denied); see
also City of Garland v. Shierk, No. 05-99-00258-CV, 2000 WL 721602, at *2 (Tex.
App.CDallas June 6, 2000, pet.
denied) (not designated for publication).  Each case reiterates that the
statute waives immunity based on the MoPac decision
and the words Aplead and be impleaded.@  See id.  And each, therefore, concludes that the
municipality has waived immunity to suit. 
See id.

Following a different path than
the Texas Supreme Court and the majority of intermediate appellate courts was
our holding in Jackson, the Dallas Court of Appeals= holding in Reata,
and the Waco Court of Appeals= holding in Tooke.  See City of Dallas v. Reata Constr. Corp., 83
S.W.3d 392 (Tex. App.CDallas 2002, pet. filed); City
of Mexia v. Tooke, 115
S.W.3d 618 (Tex. App.CWaco 2003, pet. filed).  Like Jackson, Reata
and Tooke interpreted the language Aplead and be impleaded@ as not granting a
waiver of sovereign immunity.  See Reata, 83 S.W.3d at 398B400; Tooke,
115 S.W.3d at 623B24.  








In Jackson, we looked at
a very similar statute which states the following: AThe municipality may sue and be
sued, implead and be impleaded,
and answer and be answered in any matter in any court or other place.@  Tex.
Loc. Gov=t Code ' 51.013.  Even though Asue and be sued@ and Aplead and be impleaded@ were included in this statute,
this Court held the statute did not waive sovereign immunity.  See Jackson, 837 S.W.2d at 871.  We did not follow MoPac,
nor did our opinion even cite to MoPac.  See id. 
Instead, in response to the appellant=s challenge to the
constitutionality of the doctrine of sovereign immunity, we left the waiver of
sovereign immunity as a matter to be addressed by the LegislatureCnot intermediate appellate
courts.  See id.  

In Reata,
the Dallas Court of Appeals followed our reasoning.  See Reata,
83 S.W.3d at 398.  There, the court held
the language Asue and be sued@ spoke to the municipality=s capacity to be sued after it
has waived immunity to suit.  See id. at
398.  Reata
also ignored MoPac and Federal Sign,
in which the Texas Supreme Court held Asue and be sued@ was sufficient language to
waive immunity from suit.  See MoPac, 453 S.W.2d at 813B14; Fed. Sign, 951
S.W.2d at 405.  Additionally, the Reata court directly contradicted MoPac when it stated the Aprovisions do not expressly
waive the City=s sovereign immunity.@  See Reata,
83 S.W.3d at 398.

In Tooke,
the Waco Court of Appeals did address the Texas Supreme Court precedent of MoPac. 
See Tooke, 115 S.W.3d at 621.  However, the Tooke
court used a completely different approach by acknowledging that Asue and be sued@ language waives sovereign
immunity, but Aplead and be impleaded@ does not.  Id. at 622B23.  The Tooke
court concluded that if Asue@ and Aplead@ are interpreted to have the
same meaning, the court Arun[s] afoul@ of settled statutory
construction principles.  Id. at
623.  Additionally, the Waco court
applied the four Supreme Court factors to consider whether certain language in
a statute is an express and unambiguous waiver of sovereign immunity.  Id. 
These are the four factors: (1) the immunity must be waived beyond
doubt, (2) ambiguity in a statute leans toward retaining immunity, (3) if the
Legislature insists on a State being joined in the lawsuit, immunity is waived,
and (4) if a monetary cap or scheme is provided in the statute, the Legislature
probably intended to waive immunity.  Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696B98 (Tex. 2003).  The court then concluded that Aplead and be impleaded@ did not waive sovereign
immunity.  See Tooke,
115 S.W.3d at 623B24.








We now must decide whether we
will follow our precedent in Jackson, or, instead, follow the Texas
Supreme Court and the majority of intermediate appellate courts by holding Aplead and be impleaded@ does waive sovereign
immunity.  We will follow the Texas
Supreme Court.  

As stated earlier, MoPac holds that the language Asue and be sued@ adequately waives sovereign
immunity.  MoPac,
453 S.W.2d at 813.  We acknowledge the statute in
question here, section 51.075, includes only the language Aplead and be impleaded,@ and not the language Asue and be sued,@ but for the reasons noted, we find
no distinction.  Lawyers and judges
readily draw distinctions between the words Asue@ and Aplead.@ 
In the vernacular of the legal profession, the former means Ato commence or to continue legal
proceedings for recovery of a right,@ while the latter means Ato make, deliver, or file any
pleading; to conduct the pleadings in a cause.@ 
See Black=s Law
Dictionary 1284, 1037
(5th ed. 1978).  Thus, among
professionals, Asuing@ is bringing a civil suit, while Apleading@ is interposing a pleading in the
civil action.  But in ordinary usage, Aplead@ may also mean Ato maintain (as a case or a cause) in
a court of law or other tribunal.@ 
See Merriam-Webster=s Collegiate
Dictionary 891 (10th ed.
2002).  In other words, though experts
attribute different meanings to the words Aplead@ and Asue,@ in laymen=s terms, they mean the same
thing.  And, neither party has provided
us, nor can we find, any reason why the Legislature removed the words Asue and be sued@ for home-rule municipalities, such
as Houston, but kept the language for Type A and Type B municipalities.  See Tex.
Loc. Gov=t Code '' 51.013, 51.033.[5]  In the context of this statute, therefore, we
find no difference in the words Aplead@ and Asue.@ 








Finding no difference in the
language Asue and be sued@ and Aplead and be impleaded,@ we are compelled to follow the
Texas Supreme Court=s interpretation in MopacCespecially considering that the
Texas Supreme Court passed up the opportunity to revisit and change its
decision.  Furthermore, this
interpretation seems to be in line with the Legislature=s intent.  And we do not believe, as the Reata court suggests, that Asue and be sued@ goes to the municipality=s capacity after immunity has been
waived.  We acknowledge that the
Legislature could have been clearer in its choice of words.  But, according to the Texas Supreme Court=s interpretation, Asue and be sued@ clearly and unambiguously
waives sovereign immunity, and the Legislature has been aware of this
interpretation for many years.  If the
lawmakers did not mean for sovereign immunity to be waived in this statute,
they could have chosen more explicit language to convey that intention.

In conclusion, we hold that Asue and be sued@ or Aplead and be impleaded@ is sufficient language to
waive immunity from suit.  See MoPac, 453 S.W.2d at 813; Fed. Sign, 951 S.W.2d
at 405.  Applying this interpretation to
our case, Houston has waived sovereign immunity to be sued.  Therefore, we overrule Houston=s only issue and affirm the
judgment of the trial court. 

 

 

 

 

/s/      Wanda
McKee Fowler

Justice

 

 

 

Judgment rendered and Opinion
filed January 15, 2004.

Panel consists of Justice
Fowler and Justice Frost. 











[1]  Section
51.075, entitled AAuthority Relating to Lawsuits,@ provides in its entirety as follows: AThe municipality may plead and be impleaded
in any court.@  Tex. Loc. Gov=t Code ' 51.075.





[2]  Houston relied
heavily in its brief, and at oral argument, on the Pelzel
case for the proposition Houston had not waived sovereign immunity.  See Travis
County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248B49
(Tex. 2002).  However, the statute in that case is
distinguishable from the statute in question. 
In Pelzel, the Supreme Court was
considering a presentment statute that provided A[a]
person may not sue on a claim against a county unless the person has presented
the claim to the commissioners court and the commissioners court has neglected
or refused to pay all or part of the claim.@  See Tex.
Loc. Gov=t Code ' 89.004(a).  The
Supreme Court found that the language did not expressly waive immunity to suit,
but instead demonstrated the steps a party must complete before the party may
file suit.  See Pelzel,
77 S.W.3d at 249.  The purpose and
language of this presentment statute is different from the purpose of Aplead and be impleaded@ in Texas Local Government Code section 51.075.





[3]  When the StateCor in this case, a cityCcontracts
with a private individual for proprietary or governmental functions, it waives
immunity from liability.  Fed. Sign,
951 S.W.2d at 405B06; Dillard v. Austin Ind. Sch.
Dist., 806 S.W.2d 589, 592 (Tex. App.CAustin
1991, writ denied).  The rule is meant to
hold a municipality liable as a private person when it contracts for a
benefit.  Travis County v. Pelzel
& Assocs., Inc., 77
S.W.3d 246, 248 (Tex. 2002); Goerlitz v.
City of Midland, 101 S.W.3d 573 (Tex. App.CEl Paso 2003, pet. filed).  This rule is meant to encourage private
parties to contract with municipalities and ensure some form of recourse.  So, when Houston entered into a contract with
Clear Channel, a private party, it waived immunity from liability.  See Dillard, 806 S.W.2d at 593.





[4]  The Legislature may consent to suits
against the State by legislative statute or by resolution granting express
legislative permission.  See
Gen. Servs. Comm=n, 39 S.W.3d at 594; Fed. Sign, 951 S.W.2d at  409.  There was some discussion at oral argument
about a plaintiff=s ability to obtain an express resolution granting
permission to sue.  We presume that, in
the absence of an applicable statute, any party, including a city, may obtain a
resolution for suit. 





[5]  After
questioning the parties during oral argument, neither side could give, nor
could we find, a reasonable distinction between Aplead@ and Asue@ in this context.