COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-04-317-CV

 

CITY OF ARLINGTON,
TEXAS                                                APPELLANT

 

                                                   V.

 

 

CHARLES H. MATTHEWS                                                        APPELLEE

 

                                              ------------

 

           FROM
THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








The City of Arlington appeals
from the trial court=s denial of
its plea to the jurisdiction on Charles H. Matthews= claims.  The primary issue we
are called upon to decide is whether the Aplead and be impleaded@ provision of section 51.075 of the Texas Local Government Code
constitutes a waiver of the City=s sovereign immunity from suit for Matthews= intentional tort and breach of contract claims.  Based on stare decisis, we hold that this
provision does waive immunity for the breach of contract claims but does not
waive immunity for the intentional tort claims. 
Therefore, we affirm in part and reverse and render in part.

The facts of this case are
well known to the parties and the relevant case law in this appellate district
is settled.[2]








A plea to the jurisdiction
challenges the trial court=s authority to determine the subject matter of the action.[3]  Whether the trial court had subject matter
jurisdiction is a question of law that we review de novo.[4]  The plaintiff has the burden of alleging
facts that affirmatively establish the trial court=s subject matter jurisdiction.[5]  In determining whether jurisdiction exists,
we accept the allegations in the pleadings as true and construe them in favor
of the pleader.[6]
We must also consider evidence relevant to jurisdiction when it is necessary to
resolve the jurisdictional issue raised.[7]

Governmental entities such as
the City are immune from suit unless the legislature has expressly consented to
the suit.[8]  Absent legislative consent to sue a
governmental entity, the trial court lacks subject matter jurisdiction over the
case.[9]








In its second issue, the City
complains that the trial court erred by denying its plea to the jurisdiction on
Matthews= breach of contract claims because the City=s immunity from suit for these claims has not been waived under either
section 51.075 of the local government code or the City=s charter.[10]








Section 51.075 of the local
government code provides that a home‑rule municipality such as the City Amay plead and be impleaded in any court.@[11] Various panels of this court have held that this provision
constitutes a waiver of immunity from suit for breach of contract claims.[12]  Accordingly, under controlling precedent of
this court, the City=s sovereign
immunity from suit for Matthews= breach of contract claims is waived.[13]  We overrule the City=s second issue.[14]








We now turn to the question
raised in Matthews= first issue
of whether the City is immune from suit for Matthews= intentional tort claims.  The
Texas Tort Claims Act provides that a city=s immunity from suit is not waived for claims arising from intentional
torts.[15]  Notwithstanding this provision, Matthews
contends that the City=s immunity
from suit has been waived by section 51.075 of the local government code.  The most recent pronouncement from this
court, however, is that the specific provisions of the Tort Claims Act trump
general waiver provisions such as the one contained in section 51.075.[16]  Accordingly, we are required by controlling
precedent of this court to hold that the City=s immunity from suit for Matthews= tort claims has not been waived.[17]








Matthews also contends that
the City=s misconduct arose from the exercise of its proprietary functions, for
which a municipality has no sovereign immunity from suit.[18]  We disagree. 
Matthews= tort claims
are based on the City=s alleged
intentional misconduct in interfering with his post-settlement employment and
attempts to obtain employment.[19]  These allegations relate to the operation of
a police department, the hiring and firing of city employees, as well as other
personnel actions,[20]
and the provision of police protection, all of which are governmental
functions.[21]  Thus, Matthews= claims arise from the City=s exercise of its governmental functions, not its proprietary
functions, and the City is immune from suit for these claims.[22]

For the foregoing reasons, we
hold that the City has not waived its sovereign immunity from suit for Matthews= tort claims.  Therefore, the trial
court erred by denying the City=s plea to the jurisdiction as to those claims.  We sustain the City=s first issue.

 

 

 








 

 

Having disposed of Matthews= issues on appeal, we reverse the trial court=s denial of the City=s plea to the jurisdiction as to Matthews= tort claims and render judgment dismissing those claims.  We affirm the remainder of the trial court=s judgment.

 

                                                        

JOHN CAYCE

CHIEF JUSTICE

 

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

LIVINGSTON, J. concurs without opinion. 

DELIVERED: 
February 9, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]We
are aware that there is a split of authority among the courts of appeals
regarding whether Aplead
and be impleaded@ and Asue
and be sued@
waive governmental immunity from suit and that these issues are currently
pending before the Texas Supreme Court.  Compare
City of Mexia v. Tooke, 115 S.W.3d 618, 621‑23 (Tex. App.CWaco
2003, pet. granted) (holding that Aplead and be impleaded@ does
not constitute clear and unambiguous waiver of immunity from suit, but
recognizing that Asue
and be sued@
provides requisite clarity to establish waiver of immunity from suit), with
City of Greenville v. Reeves, 165 S.W.3d 920, 923 (Tex. App.CDallas
2005, pet. filed), City of Lubbock v. Adams, 149 S.W.3d 820, 824‑25
(Tex. App.CAmarillo
2004, pet. filed), United Water Servs., Inc. v. City of Houston, 137
S.W.3d 747, 755 (Tex. App.CHouston [1st Dist.] 2004,
pet. filed), City of Houston v. Clear Channel Outdoor, Inc., 161 S.W.3d
3, 4-5 (Tex. App.CHouston
[14th Dist.] 2004, pet. filed), Goerlitz v. City of Midland, 101 S.W.3d
573, 577 (Tex. App.CEl
Paso 2003, pet. filed) (all holding that Aplead and be impleaded@ or Asue
and be sued@
language waives immunity from suit), and City of Carrollton v. McMahon
Contracting, Inc., 134 S.W.3d 925, 927‑28 (Tex. App.CDallas
2004, pet. filed), Satterfield & Pontikes Constr., Inc. v. Irving ISD,
123 S.W.3d 63, 68 (Tex. App.CDallas 2003, pet. filed), Townsend
v. Mem=l
Med. Ctr., 529 S.W.2d 264, 267 (Tex. Civ. App.CCorpus
Christi 1975, writ ref=d
n.r.e.) (all holding that such language does not waive immunity from suit).





[3]Tex.
Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).





[4]Tex.
Natural Res. Conservation Comm=n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002); Mogayzel v. Tex. Dep=t of
Transp., 66 S.W.3d 459, 463 (Tex. App.CFort
Worth 2001, pet. denied).





[5]Tex.
Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).





[6]Id.;
Tex. Dep=t of
MHMR v. Lee, 38 S.W.3d 862, 865 (Tex. App.CFort
Worth 2001, pet. denied).





[7]Bland
ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).





[8]Tex.
Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex.
2004); Jones, 8 S.W.3d at 638.





[9]Miranda, 133
S.W.3d at 224; Jones, 8 S.W.3d at 638.





[10]The
City=s
charter also provides that the City Ashall . . . be capable of . .
. suing and being sued, impleading and being impleaded . . . in all courts and
tribunals.@ 





[11]Tex. Loc. Gov=t Code Ann. '
51.075 (Vernon 1999).





[12]See
Cannon v. City of Hurst, No. 2-04-00049-CV, 2005 WL 3118763, at
*1 (Tex. App.CFort
Worth Nov. 23, 2005, no pet.) (mem. op.); DeSoto Wildwood Dev., Inc. v. City
of Lewisville, No. 2-05-00149-CV, 2006 WL 133485 at *8 (Tex. App.CFort
Worth January 19, 2006 no pet. h.) (op on reh=g); Serv.
Employment Redevelopment v. Fort Worth ISD, 163 S.W.3d 142, 155 (Tex. App.CFort
Worth 2005, pet. filed); Avmanco, Inc. v. City of Grand Prairie, 835
S.W.2d 160, 165 (Tex. App.CFort Worth 1992, writ dism=d as
moot).  The City=s
reliance on City of Fort Worth v. Pastusek Indus., Inc., is misplaced
because we did not construe the meaning of Aplead and be impleaded@ or Asue
and be sued@ in
that case.  See 48 S.W.3d 366, 372
(Tex. App.CFort
Worth 2001, no pet.).





[13]See
Grapevine Excavation, Inc. v. Maryland Lloyds, 35
S.W.3d 1, 5 (Tex. 2000) (holding stare decisis has its greatest force in
statutory construction cases); Mobil Oil Corp. v. Shores, 128 S.W.3d
718, 722 (Tex. App.CFort
Worth 2004, no pet.) (op. on reh=g) (basing decision in part
on binding precedent of this court).





[14]The
City=s
alternative argument that the trial court lacks subject matter jurisdiction
over Matthews=
breach of contract claims because his pleadings and the evidence relevant to
jurisdiction demonstrate that Anone of the wrongs alleged in
his pleadings fall within the scope of the [parties=
agreement],@ is
without merit.  The face of Matthews=
pleadings conclusively shows that he does indeed allege breaches of the
agreement=s
provisions. 





[15]Tex. Civ. Prac. & Rem. Code Ann. '
101.057(2) (Vernon 2005).  All of
Matthews= tort
claims are based on the City=s alleged intentional
misconduct. 





[16]See
Tarrant County Hosp. Dist. v. Henry, 52 S.W.3d 434, 450 (Tex.
App.CFort
Worth 2001, no pet.) (holding that sue and be sued language does not waive
immunity from suit under Tort Claims Act); see also Serv. Employment
Redevelopment, 163 S.W.3d at 150 (citing Henry with approval).  But see Knowles v. City of Granbury,
953 S.W.2d 19, 21, 23 (Tex. App.CFort Worth 1997, pet. denied)
(holding, without analysis, that Asue and be sued@
waived city=s
immunity from suit for both tort and breach of contract claims).





[17]See
Grapevine Excavation, Inc., 35 S.W.3d at 5; Mobil Oil Corp.,
128 S.W.3d at 722.  We are unpersuaded by
Matthews=
argument, based on the supreme court=s plurality opinion in Texas
A & M University‑Kingsville v. Lawson, 87 S.W.3d 518 (Tex. 2002),
that the City waived its immunity from suit for his intentional tort claims by
entering into the settlement agreement. Lawson is inapposite because the
governmental entity in that case settled a claim for which it was not
immune from suit.  Id. at 518-19.
And, as a plurality opinion, Lawson is Anot
authority for determination of other cases, either in [the supreme court] or
lower courts.@  Univ. of Tex. Med. Branch v. York, 871
S.W.2d 175, 177 (Tex. 1994); accord City of Fort Worth v. Crockett, 142
S.W.3d 550, 554 (Tex. App.CFort Worth 2004, pet. denied)
(op. on reh=g).  Further, the Tort Claims Act does not provide
for waiver of immunity by contract.





[18]The
Tort Claims Act does not apply if a suit concerns a city=s
performance of a proprietary rather than a governmental function.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.0215(b); City of San
Antonio v. Butler, 131 S.W.3d 170, 177 (Tex. App.CSan
Antonio 2004, pet. filed); Oldfield v. City of Houston, 15 S.W.3d 219,
225 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).





[19]Matthews
asserts that the City Aactually
intentionally interfered with prospective employment for [Matthews] over a
period of years,@ by
releasing damaging information about his employment with the police department
to prospective employers, Aas well as compelling a then
current employer (store) to terminate [Matthews] or lose all other Arlington
Police Department officers providing security on the store.@  Matthews also alleges that a private club at
which he had found work was targeted by the police department and eventually
closed. 





[20]City
of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995); City
of Dallas v. Moreau, 718 S.W.2d 776, 779-80 (Tex. App.CCorpus
Christi 1986, writ ref=d
n.r.e.).





[21]Tex. Civ. Prac. & Rem. Code Ann. '
101.0215(a)(1).  The City=s
alleged interference with its own contract with Matthews will not support a tortious
interference claim.  See Morgan
Stanley & Co. v. Tex. Oil Co., 958 S.W.2d 178, 179 (Tex. 1997) (Aa
person must be a stranger to a contract to tortiously interfere with it@).





[22]Tex. Civ. Prac. & Rem. Code Ann. '
101.057(2).